**Steven SMITH, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CONSOLIDATED FREIGHTWAYS, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 24, 2014.
Decided March 9, 2015.
Reargument Denied April 15, 2015.

Mary Ellen Chajkowski, Jacksonville, FL, for petitioner.

Gregory D. Geiss, Harrisburg, for respondent.

## OPINION

PER CURIAM.

Claimant, Steven Smith, petitions for review of an order of the Workers' Compensation Appeal Board that affirmed the decision of Workers' Compensation Judge (WCJ) Cheryl Ignasiak denying his petition to review medical treatment and/or billing (review petition) and petition for penalties (penalty petition). We affirm.[1]

---

1. In addition, we dismiss what Claimant has captioned "Reply to Defendant's Motion to Quash the Motion to Compel Service." In that filing, Claimant requests that we order "Respondent's counsel to serve Steven Smith a second copy of documents filed September 25, 2014, where only one copy was served on Petitioner's counsel October 15, 2014." This Court previously dismissed as moot Claimant's "Motion to Compel Service" of Respondent's Amended Brief and Supplemental Reproduced Record, stating that it appeared "that respondent mailed a copy of its Amended Brief and Supplemental Reproduced Record as shown on U.S. Postal Form 3817 to petitioner's counsel at the same address provided on petitioner's Motion to Compel Service...." October 17, 2014 Order at 1.

The background of this matter is as follows.[2] Claimant, a truck driver for Employer, filed a May 1996 claim petition alleging that he was disabled as a result of brief exposure to a chemical on February 28, 1996. After two hearings and a review of expert medical reports, WCJ Kathleen Vallely dismissed the claim petition. She also denied Claimant's October 1997 petition to review medical treatment, wherein he sought to recover certain medical expenses allegedly related to the February 1996 incident, concluding that his complaints were caused by a non-work-related hiatal hernia. The Board affirmed both of WCJ Vallely's orders and Claimant took no further appeals. Subsequently, Claimant filed additional petitions involving the same February 1996 incident, all of which amounted to an effort to re-litigate the same alleged injury. Both the Pennsylvania and United States Supreme Courts have declined to consider his appeals and/or requests for reconsideration.

With the instant appeal, Claimant has now been before this Court five times involving the same claim. The fourth time Claimant came before this Court, we held that his attempt to raise a claim relating to the February 1996 incident was barred by the doctrines of res judicata and collateral estoppel in that he was "seeking to re-litigate the same claim that he has been trying to re-litigate for over a decade." *Smith v. Workers' Comp. Appeal Bd. (Consol. Freightways, Inc.)*, 2011 WL 10893892 (Pa.Cmwlth., No. 2737 C.D.2010, filed December 1, 2011), slip op. at 7; Supplemental Reproduced Record (S.R.R.) at 147b. Accordingly, we affirmed the Board's dismissal of the six review petitions then at issue and expressed our concern with Claimant's decision to doggedly pursue litigation, observing as follows:

> We agree with Employer that the appeal is frivolous and that the conduct of both Claimant and his counsel has been "obdurate and vexatious." Claimant has, over a period of fifteen years, filed approximately fifteen petitions, all based on the same incident which, back in 1997, was determined by WCJ Vallely not to have caused any injury or disability to Claimant. At least five hearings have been held by four different WCJs. This is the fourth time that Claimant has been before this Court. Claimant has appealed unsuccessfully to the Pennsylvania Supreme Court four times and to the United States Supreme Court twice. Public funds have been extensively expended as Claimant repeatedly attempts to re-litigate a case that was decided many years ago. Moreover, Claimant's actions are, at the very least, unfair and unduly burdensome to Employer, who has been forced to defend against each of these unreasonable petitions.

*Id.*, slip op. at 8–9; S.R.R. at 148–49b.

In December 2012, Claimant added two more petitions to his litigation tally, bringing the number of petitions based on the same incident to approximately seventeen. In the present petitions, Claimant alleges, *inter alia*, that reasonable treatment for the February 28, 1996 injury has been refused and that Employer has improperly refused to pay medical bills. In its January 2013 answer and motion to dismiss the petitions, Employer denied the critical averments and alleged that Claimant's petitions were barred by the doctrines of res judicata and collateral estoppel and time-

---

**2.** Our summary is derived from a previous memorandum opinion involving the same parties: *Smith v. Workers' Compensation Appeal. Board (Consolidated Freightways, Inc.)*, 2011 WL 10893892 (Pa.Cmwlth., No. 2737 C.D.2010, filed December 1, 2011); Supplemental Reproduced Record (S.R.R.) at 141–50b.

barred by the three-year statute of limitations for compensation claims found in Section 315 of the Pennsylvania Workers' Compensation Act (Act).[3] WCJ Ignasiak agreed, granting Employer's motion to dismiss and denying Claimant's review and penalty petitions. The Board affirmed, noting Claimant's previous unsuccessful attempts to re-litigate his alleged 1996 injury and quoting extensively from our previous decision in *Smith*. In the present case, we also affirm the Board's order denying Claimant's petitions.

■ Like the petitions at issue in our 2011 decision, the two petitions now before us are barred by the doctrines of collateral estoppel and res judicata.[4] Over a period of almost twenty years, Claimant has filed approximately seventeen petitions, all based on the same 1996 incident which, back in 1997, WCJ Vallely determined did not cause any injury or disability to Claimant. As we observed in 2011:

> WCJ Vallely determined that, although Claimant had brief exposure to a chemical, he suffered no injury as a result. The Board affirmed, and Claimant did not pursue an appeal. Four years later, when Claimant again sought benefits based on the fact that Employer had failed to provide [him] with a copy of the MSDS [material safety data sheet] on trichloroethane, WCJ [David] Henry determined that, even if Employer had provided Claimant with a copy of the MSDS at the original proceeding, the outcome of the case would have been the same because Claimant was not injured as a result of the exposure. Claimant appealed WCJ Henry's decision all the way to the United States Supreme Court without success, and all litigation over this matter should have ended at that point.

*Smith*, slip op. at 6–7; S.R.R. at 146–47b.

■ Moreover, as we noted in our opinion of December, 2011, "[a]lthough the behavior of Claimant and his counsel is precisely the type of obdurate and vexatious conduct which [Pennsylvania Rule of Appellate Procedure 2744] was designed to prevent, our Supreme Court specifically addressed the issue of whether an employer may recover attorney's fees when the claimant pursues a frivolous appeal in [*Phillips v. Workmen's Compensation Appeal Board (Century Steel)*, 554 Pa. 504,

---

3. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 602.

4. This Court provided a detailed description of *res judicata* in *J.S. v. Bethlehem Area School District*, 794 A.2d 936, 939 (Pa.Cmwlth.2002), wherein we stated as follows:

> Res judicata encompasses two related, yet distinct principles: technical res judicata and collateral estoppel. *Technical res judicata provides that where a final judgment on the merits exists, a future lawsuit on the same cause of action is precluded.* Collateral estoppel acts to foreclose litigation in a subsequent action where issues of law or fact were actually litigated and necessary to a previous final judgment.
>
> Technical res judicata requires the coalescence of four factors: (1) identity of the thing sued upon or for; (2) identity of the causes of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued. Res judicata applies to claims that were actually litigated as well as those matters that should have been litigated. Generally, causes of action are identical when the subject matter and the ultimate issues are the same in both the old and new proceedings.
>
> Similarly, collateral estoppel bars a subsequent lawsuit where (1) an issue decided in a prior action is identical to one presented in a later action, (2) *the prior action resulted in a final judgment on the merits,* (3) the party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action, and (4), the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue

721 A.2d 1091 (1999).]" *Smith,* slip op. at 9; S.R.R. at 149b. In *Phillips,* a divided court determined that awarding attorney's fees to employers would thwart the declared intent of the Act, which is to give claimants the opportunity to receive attorney's fees in the event of an unreasonable contest by the opposing party. Nonetheless, *Phillips* specifically distinguished *Patel v. Workmen's Compensation Appeal Board (Saquoit Fibers Company),* 103 Pa. Cmwlth. 290, 520 A.2d 525 (1987), noting that:

> The claimant in *Patel* filed three separate claim petitions on the same claim, and appealed each one to the Commonwealth Court level. The court held that, "[t]his appeal, the third dealing with Claimant's 1978 injury and the second to be dismissed due to collateral estoppel and res judicata, is clearly wholly frivolous and constitutes patent abuse of Claimant's constitutional right to avail himself of the courts of this Commonwealth...." *Patel,* 520 A.2d at 526. Accordingly, the court awarded the employer costs pursuant to Pa. R.A.P. 2741(2) and indicated, in dicta, that an award of attorneys' fees pursuant to Pa. R.A.P. 2744 would have been appropriate "had such a petition been filed." *Id.*

*Phillips,* 721 A.2d at 1094, n. 3.

We believe, therefore, that our Supreme Court left open the ability of the appellate courts to impose sanctions under Pa. R.A.P. 2744 in cases such as the one at bar. Otherwise, there is no way for our courts to curb the sort of flagrant abuse of the system engaged in here. Accordingly, we affirm the Board's order and dismiss Claimant's October 27, 2014 "Reply to Defendant's Motion to Quash the Motion to Compel Service." We further award costs and counsel fees incurred by Respondent to defend this appeal, jointly and severally, against Smith and his appellate counsel for obdurate and vexatious prosecution of a frivolous appeal.[5]

### ORDER

AND NOW, this 9th day of March, 2015, the order of the Workers' Compensation Appeal Board is hereby AFFIRMED. Further, we DISMISS Petitioner's October 27, 2014 "Reply to Defendant's Motion to Quash the Motion to Compel Service," the original "Motion to Compel Service" having been dismissed as moot via an October 17, 2014 order of this Court. We further AWARD costs and counsel fees incurred by Respondent to defend this appeal, jointly and severally, against Smith and his appellate counsel for obdurate and vexatious prosecution of a frivolous appeal and order Respondent to file a detailed statement of those costs and fees with this Court within thirty days.

---

in the prior action. [(citations omitted) (emphasis added).]

**5.** Given the holding in *Phillips* and our previous application of its holding to Smith's 2011 appeal, counsel for Employer cannot reasonably have been expected to request fees here. Accordingly, we will impose the sanction *sua sponte* in order to control and supervise our dockets.