# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Steven Smith, | : | |
|       Petitioner | : | |
| | : | |
|       v. | : | No. 2098 C.D. 2016 |
| | : | SUBMITTED: April 13, 2017 |
| Workers' Compensation Appeal | : | |
| Board (Consolidated Freightways | : | |
| Corporation of Delaware), | : | |
|       Respondent | : | |

**OPINION NOT REPORTED**

**MEMORANDUM OPINION**
**PER CURIAM**                                  **FILED: June 20, 2017**

Claimant, Steven Smith, petitions for review of a December 2016 order of the Workers' Compensation Appeal Board that affirmed the September 2015 decision of Workers' Compensation Judge (WCJ) Cheryl Ignasiak denying Claimant's July 2015 review petition filed against Consolidated Freightways (Employer or Respondent) and, once again, alleging a February 1996 work injury. We affirm and, for the third time, award costs and counsel fees incurred by Respondent to defend this appeal against Claimant and his appellate counsel, Mary Ellen Chajkowski, jointly and severally, for obdurate and vexatious prosecution of a frivolous appeal.

As an initial matter, we emphasize that the instant petition for review is approximately the seventh time that Claimant has come before this Court attempting to re-litigate an alleged February 1996 work injury. By way of background, we note:

> Claimant . . . filed a May 1996 claim petition alleging that he was disabled as a result of brief exposure to a chemical on February 28, 1996. After two hearings and a

review of expert medical reports, WCJ Kathleen Vallely dismissed the claim petition. She also denied Claimant's October 1997 petition to review medical treatment, wherein he sought to recover certain medical expenses allegedly related to the February 1996 incident, concluding that his complaints were caused by a non-work-related hiatal hernia. *The Board affirmed both of WCJ Vallely's orders and Claimant took no further appeals*. Subsequently, [he] filed additional petitions involving the same February 1996 incident, all of which amounted to an effort to re-litigate the same alleged injury. *Both the Pennsylvania and United States Supreme Courts have declined to consider his appeals and/or requests for reconsideration*.

*Smith v. Workers' Comp. Appeal Bd. (Consol. Freightways Corp. of Delaware)*, 111 A.3d 235, 236 (Pa. Cmwlth.), *appeal denied*, 128 A.3d 1208 (Pa. 2015) (emphasis added).

In our March 2015 decision involving these same parties and the same incident, we (1) determined that the petitions therein at issue were barred by the doctrines of collateral estoppel and *res judicata*; and (2) awarded costs and counsel fees pursuant to Pa. R.A.P. 2744, jointly and severally, against both Claimant and his appellate counsel for the obdurate and vexatious prosecution of a frivolous appeal. *Id*. at 238. In July 2016, this Court determined, once again, that Claimant and his counsel were attempting to relitigate an alleged February 1996 work injury and, for a second time, awarded costs and counsel fees incurred by Respondent to defend that appeal against Claimant and his appellate counsel, Mary Ellen Chajkowski, jointly and severally, for obdurate and vexatious prosecution of a frivolous appeal. *Smith v. Workers' Comp. Appeal Bd. (Consol. Freightways Corp. of Delaware)*, (Pa. Cmwlth., No. 2303 C.D. 2015, filed July 5, 2016), *appeal denied*, (Pa., No. 331 WAL 2016, filed January 23, 2017).

2

As this Court observed in July 2016: "Mindful of the passage of twenty years since the initial May 1996 claim petition and the filing of yet another petition for review to this Court regarding the same incident, we are extremely troubled by the persistence of both Claimant and his counsel to pursue this matter." *Id.*, slip op. at 2. In this regard, the Board in its December 2016 decision stated:

> It is clear that Claimant and his attorney continue to pursue an aggressive and litigious approach to the alleged work injury. . . . No work injury has ever been recognized by [Respondent] nor granted by a WCJ or any appellate level court. Claimant has simply re-filed a Review Petition for an incident that has already been decided to have not caused disability or injury.

Board's December 2, 2016, Decision at 4.

Mindful of the foregoing, we address Respondent's request for costs and counsel fees. Although it did not avail itself of the opportunity to submit its fees and costs as this Court directed in both our 2015 or 2016 decisions,[1] Respondent has made a request in the present case for such fees and costs and, unquestionably, they are once again warranted. In light of the problematic conduct of both Claimant and his counsel, we are compelled for a third time to impose costs and counsel fees against both of them for their obdurate and vexatious prosecution of a frivolous appeal. Accordingly, just as we did in July 2016, we

---

[1] Respondent represented that it chose not to submit fees and costs pursuant to either our March 2015 or July 2016 opinions because it "did not want to continue litigating this matter and hoped that the Commonwealth Court's most recent opinion would finally persuade Claimant and Attorney Chajkowski to stop filing petitions and appeals for the alleged February 28, 1996 work injury." March 21, 2017, Brief of Respondent at 8. Respondent further represented, however, that, "[s]adly, it appears that Claimant will not stop, as appeals have been filed since the Commonwealth Court's [July 5, 2016] opinion." *Id.* Accordingly, Respondent made the request in the present case, opining that "it is unfair for [it] to continue having to pay to defend itself from such frivolous and outrageous petitions and appeals." *Id.*

3

affirm the Board's order and enter the attached order imposing costs and fees against Claimant and his counsel, jointly and severally, for a persistent and troubling refusal to acknowledge their obdurate and vexatious prosecution of an appeal that continues to be exponentially frivolous.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Smith, :
          Petitioner :
         :
        v. : No. 2098 C.D. 2016
         :
Workers' Compensation Appeal :
Board (Consolidated Freightways :
Corporation of Delaware), :
          Respondent :


**PER CURIAM**                **O R D E R**


AND NOW, this 20th day of June, 2017, the order of the Workers' Compensation Appeal Board is hereby AFFIRMED. Further, we AWARD costs and counsel fees incurred by Respondent to defend this appeal, jointly and severally, against Petitioner/Claimant, Steven Smith, and his appellate counsel, Mary Ellen Chajkowski, for the obdurate and vexatious prosecution of a frivolous appeal. Respondent is ordered to file a detailed statement of those costs and fees with this Court within fourteen (14) days.