IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Angela Phillips,                :
          Petitioner       :
                                     :
          v.                     :
                                     :
Workers' Compensation Appeal   :
Board (TTech Holdings, Inc., Old   :
Republic Insurance Company, and  :
Gallagher Bassett Services),      :   No. 27 C.D. 2020
          Respondents      :   Submitted: June 19, 2020


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                           FILED: July 21, 2020

      Angela Phillips (Claimant) petitions this Court for review of the portion of the Workers' Compensation (WC) Appeal Board's (Board) December 11, 2019 order affirming the Workers' Compensation Judge's (WCJ) decision granting TTech Holdings, Inc.'s (Employer) Petition to Review Compensation Benefit Offset (Review Offset Petition).[1] Claimant presents one issue for this Court's review: whether Employer should be excused from paying *pro rata* attorney's fees and costs, as required by Section 319 of the WC Act (Act),[2] without explicit language permitting the same in the parties' Compromise and Release Agreement (C&R Agreement). After review, we affirm.

---

[1] The Board also vacated the portion of the WCJ's decision directing the distribution of a third-party recovery and any payment of counsel fees between Claimant and her attorney. Claimant is not appealing that portion of the Board's decision.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 671.

On March 4, 2016, the WCJ approved the C&R Agreement resolving Claimant's entitlement to wage loss and medical benefits for a work injury described as a right rotator cuff tear, as well as any other work injuries Claimant sustained or may have sustained on February 22, 2014. Claimant received a one-time payment of $4,500.00, less counsel fees of $900.00. Employer accepted responsibility for all of Claimant's reasonable, necessary and causally related medical treatment incurred through the date of the hearing and for payment of a UPMC for You[3] lien. The C&R Agreement further provided that a third-party action was contemplated. Employer did not waive its subrogation rights, but agreed to accept, in satisfaction of its lien, one-third of any gross settlement or award Claimant receives from any third-party action related to her WC claim.

On June 12, 2018, Employer filed the Review Offset Petition seeking to enforce the C&R Agreement for payment of one-third of a third-party recovery. The WCJ held hearings on July 17 and September 18, 2018. On October 30, 2018, the WCJ granted the Review Offset Petition and directed Claimant's counsel to issue a check for $6,666.67 to Employer's third-party administrator, Gallagher Bassett Services, Inc., and an additional check for $592.89 to Claimant, thereby achieving a distribution of one-third of the third-party settlement each to Claimant, Employer and Claimant's counsel. Claimant appealed to the Board. On December 11, 2019, the Board vacated the portion of the WCJ's decision directing the distribution of a third-party recovery and any payment of counsel fees between Claimant and her attorney, and affirmed the WCJ's decision in all other respects. Claimant appealed to this Court.[4]

---

[3] UPMC for You is a Medicaid/medical assistance insurance plan.

[4] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014).

Claimant argues that Employer should not be excused from paying *pro rata* attorney's fees and costs, as required by Section 319 of the Act, without explicit language permitting the same in the C&R Agreement.

Section 319 of the Act provides, in relevant part:

> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe . . . against such third party to the extent of the compensation payable under [Chapter 5 of the Act] by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe . . . . **The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement**. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe . . . and shall be treated as an advance payment by the employer on account of any future instalments of compensation.

77 P.S. § 671 (emphasis added).

However, Section 449 of the Act[5] specifies, in pertinent part:

> (a) **Nothing in this [A]ct shall impair the right of the parties interested to compromise and release**, subject to the provisions herein contained, **any and all liability which is claimed to exist under this [A]ct on account of injury or death**.

> (b) Upon or after filing a petition, the employer or insurer may submit the proposed compromise and release by stipulation signed by both parties to the [WCJ] for approval. The [WCJ] shall consider the petition and the proposed agreement in open hearing and shall render a decision. The [WCJ] shall not approve any compromise and release agreement unless he first determines that the claimant understands the full legal significance of the agreement.

---

[5] Added by Section 22 of the Act of June 24, 1996, P.L. 350.

The agreement must be explicit with regard to the payment, if any, of reasonable, necessary and related medical expenses. . . .

(c) Every compromise and release by stipulation shall be in writing and duly executed, and the signature of the employe . . . shall be attested by two witnesses or acknowledged before a notary public. The document shall specify:

(1) the date of the injury . . . ;

(2) the average weekly wage of the employe as calculated under [S]ection 309 [of the Act, 77 P.S. § 582];

(3) the injury, the nature of the injury and the nature of disability, whether total or partial;

(4) the weekly compensation rate paid or payable;

(5) the amount paid or due and unpaid to the employe . . . up to the date of the stipulation or agreement or death and the amount of the payment of disability benefits then or thereafter to be made;

(6) the length of time such payment of benefits is to continue;

(7) **in the event of a lien for subrogation under [S]ection 319 [of the Act], the total amount of compensation paid or payable which should be allowed to the employer or insurer**;

. . . .

(9) a listing of all benefits received or available to the claimant;

(10) a disclosure of the issues of the case and the reasons why the parties are agreeing to the agreement; and

(11) the fact that the claimant is represented by an attorney of his or her own choosing or that the claimant has been specifically informed of the right to representation by an attorney of his or her own choosing and has declined such representation.

77 P.S. § 1000.5 (emphasis added).

4

"Once approved, a valid compromise and release is final, conclusive and binding upon the parties." *N. Penn Sanitation, Inc. v. Workers' Comp. Appeal Bd. (Dillard)*, 850 A.2d 795, 798 (Pa. Cmwlth. 2004). Further, "a compromise and release agreement can be set aside upon a clear showing of fraud, deception, duress or mutual mistake." *Id.* at 799. "Compared to fraud, deception or duress, the test to set aside a compromise and release on the basis of mistake is more stringent. Pennsylvania courts have long held that underestimating damages or entering into a settlement before damages are adequately assessed is not a mutual mistake of fact." *Id.*

Here, Claimant and Employer entered into a C&R Agreement, which stated in Paragraph 11 thereof:

> Claimant is contemplating a third-party claim. As per an agreement between the parties, [Employer is] not waiving [its] subrogation rights, however, [Employer] agree[s] to accept **one-third (1/3) of any gross settlement or award** [] Claimant receives from any third-party action related to her [WC] claim as satisfaction of their [sic] subrogation lien.

Reproduced Record (R.R.) at 39a (emphasis added). On March 4, 2016, the WCJ concluded "[C]laimant has a full knowledge and understanding of the [C&R] Agreement[,]" and approved the C&R Agreement. R.R. at 36a.

Moreover, Claimant testified at the July 17, 2018 WCJ hearing:

> Q. . . . [A] moment ago, [Employer's Attorney] asked . . . what your understanding of the subrogation lien was[,] [a]nd . . . you testified that you believe[d] that they were entitled to one-third of the gross settlement from a personal injury action.
>
> A. Uh-huh (yes).
>
> [WCJ]: Is that a yes?
>
> [Claimant]: Yes.

BY [Claimant's Attorney]:

Q. Correct?

A. Yes.

Q. Now when you read [P]aragraph 11 [of the C&R Agreement], did you see any mention of the attorney's fees in the personal injury action?

A. No.

Q. So . . . why did you believe you weren't entitled to 66.7 - or 66.7 percent of the result of the personal injury action?

A. Because what I read that indicated a third of the settlement led me to believe that each party involved would receive a third.

Q. And . . . is that reflected in the language?

A. It's my understanding of the language . . . . I don't have a law degree. So, I did my best to understand, and that's what I thought the language was reflecting.

Certified Record, Item 10, Notes of Testimony, July 18, 2018 at 30-31.

Claimant contends that Employer is required to pay attorney's fees consistent with Section 319 of the Act. However, pursuant to Section 449(a) of the Act, nothing in the Act shall impair the parties' rights to compromise and release any and all liability claimed to exist under the Act, *see* 77 P.S. § 1000.5(a), as long as the claimant understands the agreement's full legal significance. *See* 77 P.S. § 1000.5(b).

Here, Paragraph 11 of the C&R Agreement clearly specifies that Employer is entitled to one-third of the gross third-party award, not one-third less attorney's fees, as Claimant now suggests. Because Claimant has not argued, let alone shown, that the C&R Agreement should be set aside based on fraud, deception, duress or mutual mistake, Employer is not required to pay attorney's fees and costs in relation to the third-party award.

Employer asks this Court to impose sanctions in the form of counsel fees and costs against both Claimant and Claimant's counsel within its discretion under these circumstances. Specifically, Employer asserts:

> [T]he Decision of [the] WCJ [] directing Claimant's counsel to pay [] Claimant $6,666.67 was the best possible outcome for [] Claimant in this case, which calls into question why [] Claimant would have even authorized [her] counsel to file an appeal to the [Board] and [] a further appeal to this [] Court. Furthermore, as referenced above, Claimant's counsel has failed to set forth a valid legal reason or basis in his brief for why the [C&R] Agreement and the plain language agreed to in the same by the parties should be set aside.

Employer Br. at 9-10.

> Pennsylvania Rule of Appellate Procedure 2744 provides:
>
> In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including
>
> (1) a reasonable counsel fee and
>
> (2) damages for delay at the rate of 6% per annum in addition to legal interest,
>
> if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

Pa.R.A.P. 2744. *See also Smith v. Workers' Comp. Appeal Bd. (Consol. Freightways, Inc.)*, 111 A.3d 235 (Pa. Cmwlth. 2015) (wherein this Court awarded counsel fees and costs incurred by the respondent to defend an appeal against the petitioner and his appellate counsel for obdurate and vexatious prosecution of a frivolous appeal). Because this Court does not deem Claimant's counsel's actions to be obdurate and vexatious, Employer's request for attorney's fees and costs is denied.

7

For all of the above reasons, the Board's order affirming the portion of the WCJ's decision granting Employer's Review Offset Petition is affirmed, and Employer's request for attorney's fees and costs is denied.

_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Angela Phillips,                          :
               Petitioner         :
                                           :
              v.                          :
                                           :
Workers' Compensation Appeal             :
Board (TTech Holdings, Inc., Old         :
Republic Insurance Company, and          :
Gallagher Bassett Services),             :    No. 27 C.D. 2020
               Respondents        :

O R D E R

AND NOW, this 21st day of July, 2020, the portion of the Workers' Compensation Appeal Board's December 11, 2019 order affirming the Workers' Compensation Judge's decision granting TTech Holdings, Inc.'s Petition to Review Compensation Benefit Offset is AFFIRMED.

                                _____
                                ANNE E. COVEY, Judge