IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pablo Munoz, : 
  : 
             Petitioner : 
  : 
     v. : No. 58 C.D. 2022 
  : Submitted: July 15, 2022 
Jermacans Style, Inc. (Workers' : 
Compensation Appeal Board), : 
  : 
          Respondent : 

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge
            HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                            FILED: May 19, 2023

Pablo Munoz (Claimant) petitions for review of the order of the Workers' Compensation Appeal Board (Board) affirming the decision of a workers' compensation judge (WCJ), which denied and dismissed Claimant's Petition to Reinstate Compensation Benefits (Reinstatement Petition) and a Petition for Penalties (Penalty Petition) (collectively, Instant Petitions) filed against Jermacans Style, Inc. (Employer). Claimant argues that the WCJ erred in dismissing the Instant Petitions on the basis of res judicata where Employer's underlying Petition to Terminate Compensation Benefits (Termination Petition) was improperly granted. Employer asks this Court not only to affirm the Board's order, but also to award it counsel fees based on Claimant's advancement of what Employer believes is a

frivolous appeal. For the reasons that follow, we affirm the Board's order, but decline to award counsel fees to Employer.

## I. Background

The facts are not in dispute, and this appeal only involves a question of law. On September 12, 2018, Claimant sustained a work-related injury in the nature of a left shoulder rotator cuff strain, which Employer accepted. Employer filed a Termination Petition seeking to terminate benefits following an independent medical examination (IME) of Claimant. WCJ James Stapleton (WCJ Stapleton) held a hearing on the Termination Petition. WCJ Stapleton noted that, although Claimant was served with both the Termination Petition and the hearing notice, Claimant did not file an answer in opposition and did not appear either in person or via counsel to the hearing or otherwise defend against the allegations. At the hearing, WCJ Stapleton accepted Employer's medical report of the IME doctor, which reflected the doctor's opinion that Claimant was fully recovered from his work injury as of March 20, 2019, without objection. Based on this evidence alone, WCJ Stapleton determined that Claimant had fully recovered from his work injury effective March 20, 2019. Thus, by decision dated May 17, 2019, the WCJ granted the Termination Petition. Claimant did not file an appeal.

Thereafter, on November 14, 2019, Claimant filed a counseled reinstatement petition and a penalty petition (Prior Petitions) alleging that his benefits should be reinstated on the grounds that the Termination Petition was improperly granted and that the finding of termination was not supported by substantial, competent evidence. Claimant further averred that Employer violated

2

the Pennsylvania Workers' Compensation Act (Act)[1] based on the stoppage of benefits. The Prior Petitions were assigned to WCJ Terry Knox (WCJ Knox) for consideration. By decision dated January 17, 2020, WCJ Knox denied the Prior Petitions upon concluding that WCJ Stapleton's order terminating Claimant's benefits was final and binding on Claimant because it was not appealed.[2] WCJ Knox concluded that Claimant was barred by res judicata from asserting that the Termination Petition was improperly granted based on the evidence presented.[3] Claimant appealed to the Board, which affirmed. On further appeal to this Court, we quashed the appeal as untimely filed. *See Munoz v. Jermacans Style, Inc. (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 35 C.D. 2021, filed March 1, 2021) (*Munoz I*).

Thereafter, on March 2, 2021, Claimant filed the Instant Petitions, alleging:

> On May 17, 2019, [] [C]laimant's workers' compensation benefits were terminated by order of the [WCJ]. The termination order was not supported by substantial evidence and is void *ab initio* on the basis of hearsay. The attorney for [Employer] never took the deposition of the IME doctor . . ., and instead just submitted a report. A decision to terminate benefits cannot be based on hearsay evidence alone. . . . Claimant requests that the order terminating his benefits be considered void *ab initio* and his benefits be reinstated as of May 17, 2019, along with

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

[2] WCJ Knox advised Claimant that he could file an appeal *nunc pro tunc* with the Board. *See* WCJ Knox Opinion, 1/17/2020, Finding of Fact (F.F.) No. 6. There is no indication in the record that Claimant ever filed a *nunc pro tunc* appeal.

[3] WCJ Knox further advised Claimant that he could file a reinstatement petition based on worsening of his condition subsequent to the termination. *See* WCJ Knox Opinion, 1/17/2020, F.F. No. 6.

> penalties of fifty percent (50%), statutory interest[,] and attorney fees.
>
> Though [] [C]laimant filed a prior petition seeking reinstatement of his workers' compensation benefits with penalties raising the issue of uncorroborated hearsay as insufficient to support a termination, both the [WCJ] and the [Board] ignored the issue raised. Therefore, there is no res judicata as the issue raised was never addressed by the Court. The [WCJ] lacked jurisdiction to terminate [] [C]laimant's benefits. Issues of jurisdiction can be raised at any time.

Certified Record (C.R.) at 6-7.[4]

WCJ Jeffrey Mills (WCJ Mills) held a hearing on the Instant Petitions on March 23, 2021, wherein Employer interposed a motion to dismiss the Instant Petitions asserting res judicata. C.R. at 59. By order circulated on April 12, 2021, WCJ Mills denied and dismissed the Instant Petitions based on res judicata. WCJ Mills explained that WCJ Stapleton's order was a final judgment, which was not appealed, and that the principles of technical res judicata precluded Claimant from attempting to relitigate the termination of his benefits. Claimant appealed to the Board, which affirmed. Claimant now petitions this Court for review.[5]

## II. Issues

Claimant contends that the WCJ erred by dismissing the Instant Petitions based on technical res judicata because the underlying Termination Petition

---

[4] Because the Certified Record was filed electronically and was not paginated, the page numbers referenced in this opinion reflect electronic pagination.

[5] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Department of Transportation v. Workers' Compensation Appeal Board (Clippinger)*, 38 A.3d 1037, 1042 n.3 (Pa. Cmwlth. 2011).

4

was improperly granted. Employer counters that res judicata precludes Claimant's attempt to relitigate matters finally adjudicated. Employer seeks counsel fees pursuant to Pennsylvania Rule of Appellate Procedure 2744, Pa. R.A.P. 2744 (Rule 2744).

## III. Discussion
## A. Res Judicata

First, Claimant contends that the Instant Petitions are not barred by res judicata. Claimant maintains that the underlying Termination Petition was improperly granted because it was based solely on hearsay evidence and was not supported by competent medical testimony. Claimant argues that WCJ Stapleton's order granting the Termination Petition is not final or unassailable because it implicates the issue of whether the WCJ had jurisdiction to terminate benefits in the first place absent competent medical testimony.

In *Weney v. Workers' Compensation Appeal Board (Mac Sprinkler Systems, Inc.)*, 960 A.2d 949, 954 (Pa. Cmwlth. 2008), this Court recounted the criteria necessary to establish res judicata and collateral estoppel. We opined:

> Initially, we note that technical res judicata and collateral estoppel are both encompassed within the parent doctrine of res judicata, which prevents the relitigation of claims and issues in subsequent proceedings.
>
> Under the doctrine of technical res judicata, often referred to as claim preclusion, when a final judgment on the merits exists, a future suit between the parties on the same cause of action is precluded. In order for technical res judicata to apply, there must be: (1) identity of the thing sued upon or for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. Technical res judicata may be applied to bar claims that were actually litigated as well as those matters that *should have been*

5

litigated. Generally, causes of action are identical when the subject matter and the ultimate issues are the same in both the old and the new proceedings.

The doctrine of collateral estoppel, often referred to as issue preclusion, is designed to prevent litigation of an issue in a later action, despite the fact that the later action is based on a cause of action different from the one previously litigated. Collateral estoppel applies where:

> (1) the issue decided in the prior case is identical to the one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the doctrine is asserted was a party or in privity with the party in the prior case and had a full and fair opportunity to litigate the issue; and (4) the determination in the prior proceeding was essential to the judgment.

*Id.* at 954. (internal citations and quotations omitted; emphasis in original).

Here, the reinstatement of Claimant's benefits was addressed on two prior occasions by the WCJ and Board. Claimant filed the Prior Petitions seeking reinstatement of benefits and penalties on the basis that WCJ Stapleton's order terminating his benefits was not supported by substantial competent evidence. WCJ Knox denied the Prior Petitions, and the Board affirmed. Although Claimant appealed to this Court, the appeal was quashed as untimely. *See Munoz I.* Claimant then filed the Instant Petitions seeking the same relief on the same exact grounds. WCJ Mills denied the Instant Petitions based on technical res judicata and the Board affirmed.

Claimant argues that the doctrine of res judicata does not apply because he did not have a full and fair opportunity to actually litigate termination of benefits or challenge the hearsay nature of the medical report in the Termination Petition proceeding. Contrary to Claimant's assertions, Claimant had the opportunity to

6

litigate these issues. However, by failing to answer the Termination Petition, appear at the hearing on the Termination Petition, or appeal WCJ Stapleton's order, Claimant did not avail himself of this opportunity. Res judicata applies not only to claims that have already been litigated but also to claims that "*should have been litigated*." *Weney*, 960 A.2d at 954 (emphasis added). Claimant also fails to recognize that the Instant Petitions seek the same relief on the same grounds as the Prior Petitions, which were fully and finally adjudicated. Upon review, WCJ Mills did not err by dismissing the appeal based on the doctrine of res judicata.

### B. Counsel Fees

Turning to Employer's request for counsel fees, Employer asserts it is entitled to such fees because Claimant's appeal is wholly frivolous and Claimant's continued pursuit to challenge the termination of benefits despite final adjudications is vexatious. In support, Employer relies solely on *Patel v. Workmen's Compensation Appeal Board (Saquoit Fibers Company)*, 520 A.2d 525 (Pa. Cmwlth. 1987).

Rule 2744 provides that an appellate court may award attorneys' fees "if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." Pa. R.A.P. 2744.

In *Patel*, the claimant filed three separate claim petitions on the same claim and appealed each one to this Court. This Court opined that "[t]his appeal, the third dealing with [the c]laimant's [] injury and the second to be dismissed due to collateral estoppel and res judicata, is clearly wholly frivolous and *constitutes patent abuse of Claimant's constitutional right to avail himself of the courts of this*

7

*Commonwealth.*" *Patel*, 520 A.2d at 526 (emphasis added). Accordingly, we awarded the employer *costs* under Pa. R.A.P. 2741. *Patel*, 520 A.2d at 526. In dicta, we referenced Rule 2744 and suggested that an award of counsel fees to the employer would also be appropriate based on the claimant's "abuse of this Court's appeals process," but the Court declined to award such fees *sua sponte*. *Patel*, 520 A.2d at 526.

Later, in *Callahan v. Workmen's Compensation Appeal Board (Bethlehem Steel Corp.)*, 571 A.2d 1108 (Pa. Cmwlth. 1990), we revisited *Patel* and limited its application. In *Callahan*, the employer sought reimbursement of attorneys' fees pursuant to Rule 2744 and *Patel* on the basis that the appeal was frivolous. 571 A.2d at 1111 n.10. We emphasized that the discussion of Rule 2744 in *Patel* was premised upon a "patent abuse of the appellate process and not simply on the basis of one frivolous petition for review." *Id.* We opined that "[t]he holding in *Patel* is an extremely narrow one and is limited to the particular facts of that case." *Id.* Noting the Act's remedial nature and humanitarian objectives, as well as the rule of liberal construction, we declined to award counsel fees to the employer. *Id.* at 1111-12.

In *Phillips v. Workmen's Compensation Appeal Board (Century Steel)*, 721 A.2d 1091 (Pa. 1999), the employer therein invoked Section 440 of the Act[6] and Rule 2744 for reimbursement of counsel fees. A divided Supreme Court foreclosed the ability to assess counsel fees against the claimant under the Act.[7] It also declined

---

[6] Added by the act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. §996.

[7] Section 440 of the Act provides for an award of counsel fees to a claimant where an employer contests its liability without "a reasonable basis for the contest." 77 P.S. §996. The Supreme Court held that Section 440 of the Act does not allow the award of counsel fees to an employer upon a finding that a claimant's appeal was frivolous. *Phillips*, 721 A.2d at 1093.
**(Footnote continued on next page…)**

8

to assess any counsel fees against the claimant under Rule 2744, but it discussed the possibility of such an award under Rule 2744 by comparing *Callahan* and *Patel*. *Phillips*, 721 A.2d at 1094. Although the Court signaled its preference for *Callahan* over *Patel*, it did not foreclose the possibility of sanctions under Rule 2744. *Id.*; *see Smith v. Workers' Compensation Appeal Board (Consolidated Freightways, Inc.)*, 111 A.3d 235, 238 (Pa. Cmwlth. 2015).

Thereafter, this Court interpreted *Phillips* as leaving the door open for appellate courts to impose sanctions under Rule 2744 in appropriate cases. *Smith*, 111 A.3d at 238. In *Smith*, the claimant had filed over 15 claim petitions regarding the same injury, and again attempted to litigate the same claim that had been rejected repeatedly for over a decade, and already had been deemed barred by res judicata and collateral estoppel. *Id.* at 236. The case had been before this Court five times. *Id.* Quoting from our earlier rejection of the claimant's same frivolous appeal, this Court noted that "[p]ublic funds have been extensively expended as [the] [c]laimant repeatedly attempts to re-litigate a case that was decided many years ago. Moreover, [the] [c]laimant's actions are, at the very least, unfair and unduly burdensome to [the] [e]mployer, [which] has been forced to defend against each of these unreasonable petitions." *Id.* In short, Claimant's actions amounted to a flagrant abuse of process. *Id.* Thus, we awarded costs and counsel fees incurred by employer to defend against the "obdurate and vexatious prosecution of a frivolous appeal." *Id.* at 238. Without such a sanction, there would be "no way for our courts to curb the sort of flagrant abuse of the system engaged in here." *Id.*

---

Rather, the "clear intent of Section 440 of the Act is to protect claimants from the costs of litigation, but not to provide comparable protection for employers." *Phillips*, 721 A.2d at 1094. Thus, the Supreme Court found no basis upon which to award counsel fees to an employer. *Id.*

9

Here, Claimant's conduct does not rise to the patent abuse of appellate process involved in *Smith* or even *Patel*. Although Claimant filed two sets of reinstatement and penalty petitions in which he impermissibly attacked the underlying grant of the Termination Petition, this appeal is the first time in which this Court has addressed the merits of Claimant's case. *See Munoz I.* Although we agree that Claimant's petition for review is frivolous, it falls short of a patent abuse of process to warrant sanctions under Rule 2744. *See Phillips*; *Smith*. Thus, we decline to assess counsel fees against Claimant.

## IV. Conclusion

Accordingly, we affirm the Board's order affirming the WCJ's order denying Claimant's Instant Petitions[8] but deny Employer's request for counsel fees.

_____
MICHAEL H. WOJCIK, Judge

Judge Wallace concurs in result only.

---

[8] As the Board aptly noted in its opinion, res judicata does not preclude Claimant from filing a reinstatement petition that alleges a change in condition since the Termination Petition was granted. *See National Fiberstock Corp. (Greater New York Mutual Insurance Co. v. Workers' Compensation Appeal Board (Grahl)*, 955 A.2d 1057, 1062 (Pa. Cmwlth. 2008) (holding that a claimant may be entitled to reinstatement of benefits after a termination if the claimant proves that his disability has increased or recurred since the prior decision and that his physical condition has changed in some manner). Claimant made no such allegation nor submitted any evidence regarding a change in condition. Rather, Claimant merely sought to relitigate the underlying termination of benefits.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pablo Munoz,                          :
                                      :
                    Petitioner        :
                                      :
        v.                            : No. 58 C.D. 2022
                                      :
Jermacans Style, Inc. (Workers'       :
Compensation Appeal Board),           :
                                      :
                    Respondent :

# **O R D E R**

AND NOW, this 19th day of May, 2023, the order of the Workers' Compensation Appeal Board, dated December 22, 2021, is AFFIRMED, and Respondent Jermacans Style, Inc.'s request for counsel fees pursuant to Pennsylvania Rule of Appellate Procedure 2744, Pa. R.A.P. 2744, is DENIED.

_____
MICHAEL H. WOJCIK, Judge