IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pablo Munoz,                                :
                                            :
                    Petitioner              :
                                            :
          v.                                : No. 1284 C.D. 2024
                                            : Submitted: June 3, 2025
Jermacans Style, Inc. (Workers'             :
Compensation Appeal Board),                 :
                                            :
                    Respondent              :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE MICHAEL H. WOJCIK, Judge (P.)
          HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  July 11, 2025

          Pablo Munoz (Claimant) petitions for review of the order of the
Workers' Compensation Appeal Board (Board) affirming the decision of a workers'
compensation judge (WCJ) that denied Claimant's Petition to Review Compensation
Benefits (Review Petition) and Petition to Reinstate Compensation Benefits
(Reinstatement Petition) (collectively, Instant Petitions) under the provisions of the
Pennsylvania Workers' Compensation Act (Act).[1]  We affirm.

          The background of this case may be summarized as follows.  On
September 12, 2018, Claimant sustained a work-related injury in the nature of a left
shoulder rotator cuff strain, which his employer, Jermacans Style, Inc. (Employer),

_____
          [1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4; 2501-2710.

accepted. Subsequently, Employer filed a petition to terminate Claimant's benefits following an independent medical examination (IME) of Claimant. The WCJ conducting a hearing on the petition noted that, although Claimant was served with the petition and a hearing notice, Claimant did not file an answer in opposition to the petition and did not appear either in person or via counsel at the hearing or otherwise defend against the allegations. At the hearing, the WCJ accepted the report of Employer's IME doctor without objection, which expressed the doctor's opinion that Claimant was fully recovered from his work-related injury as of March 20, 2019. Based on this evidence alone, the WCJ determined that Claimant was fully recovered as of that date. Accordingly, the WCJ granted the petition terminating Claimant's benefits. Claimant did not appeal the WCJ's decision.

On November 14, 2019, Claimant filed a counseled reinstatement petition and a penalty petition asserting that his benefits should be reinstated because the termination petition was not properly granted because it was not based on substantial, competent evidence. Claimant also asserted that Employer violated the Act by the stoppage of benefits. Ultimately, by decision dated January 17, 2020, the WCJ denied Claimant's petitions, concluding that the prior order terminating his benefits was final and binding on Claimant because it was not appealed. As a result, the WCJ determined that Claimant was barred by res judicata from asserting that the termination was improper based on the evidence presented, noting that Claimant could file a reinstatement petition based on a worsening of his condition subsequent to the termination. The Board affirmed the WCJ's decision on Claimant's appeal, and this Court quashed Claimant's further appeal as untimely filed. *See Munoz v. Jermacans Style, Inc. (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 35 C.D. 2021, filed March 1, 2021).

2

On March 2, 2021, Claimant filed another reinstatement petition and penalty petition, asserting that the termination order was not supported by substantial evidence and was void *ab initio* because only the IME doctor's report was admitted into evidence, and not his testimony. On March 23, 2021, the WCJ conducted a hearing on the petitions, and Employer interposed a motion to dismiss again based on *res judicata*. On April 12, 2021, the WCJ issued a decision denying the petitions based on technical *res judicata* because the initial WCJ decision terminating Claimant's benefits was a final judgment that was not appealed. The Board affirmed the WCJ's decision on Claimant's appeal and, as this Court explained on further appeal:

> Claimant argues that the doctrine of *res judicata* does not apply because he did not have a full and fair opportunity to actually litigate [the] termination of benefits or challenge the hearsay nature of the [IME] medical report in th[at prior] proceeding. Contrary to Claimant's assertions, Claimant had the opportunity to litigate these issues. However, by failing to answer the [t]ermination [p]etition, appear at the hearing on the [t]ermination [p]etition, or appeal [the WCJ's prior] order, Claimant did not avail himself of this opportunity. *Res judicata* applies not only to claims that have already been litigated but also to claims that "*should have been litigated.*" *Weney* [*v. Workers' Compensation Appeal Board (Mac Sprinkler Systems, Inc.)*, 960 A.2d 949, 954 (Pa. Cmwlth. 2008)] (emphasis added). Claimant also fails to recognize that the [i]nstant [p]etitions seek the same relief on the same grounds as the [p]rior [p]etitions, which were fully and finally adjudicated. Upon review, [the WCJ] did not err by dismissing the appeal based on the doctrine of *res judicata*.

3

*Munoz v. Jermacans Style, Inc. (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 58 C.D. 2022, filed May 19, 2023) (*Munoz II*), slip op. at 6-7.[2]

Thereafter, on May 23, 2023, Claimant filed the Instant Petitions seeking the review and/or reinstatement of his benefits based on a purported incorrect description of his September 18, 2018 work-related injury, and because his disability arising from that work-related injury had recurred and worsened as of March 20, 2019. Specifically, Claimant sought to correct the description of his accepted work-related injury from "left rotator cuff sprain" to the distinct, consequential injury[3] of "torn left rotator cuff." *See* Certified Record (CR) at Docket

---

[2] We also denied Employer's request for counsel fees pursuant to Pa.R.A.P. 2744. *See id.*, slip op. at 7-10. Moreover, on September 25, 2023, the Pennsylvania Supreme Court denied Claimant's petition for allowance to appeal this Court's order affirming the Board. *See Munoz v. Jermacans Style, Inc. (Workers' Compensation Appeal Board),* 304 A.3d 1026 (Pa. 2023).

[3] As this Court has noted:

> Section 413(a) permits amendment in two ways. First, a claimant who seeks to add benefits for a condition that is related to, but distinct from a recognized injury on [a notice of compensation payable (NCP)] or supplemental agreement, may file a modification or review petition to add such "consequential conditions," and that petition is treated as if it were an original claim petition. 77 P.S. §§772, 773; *Cinram Manufacturing, Inc. v. Workers' Compensation Appeal Board (Hill)*, 975 A.2d 577, 580-81 (Pa. 2009); *Westmoreland County* [*v. Workers' Compensation Appeal Board (Fuller)*, 942 A.2d 213, 217 (Pa. Cmwlth. 2008)]. Second, a WCJ may amend an NCP or a supplemental agreement on any petition, regardless of whether the claimant filed a petition seeking the expansion of the injury, if the NCP or agreement "was in any material respect incorrect." 77 P.S. §771; *Cinram Manufacturing*, 975 A.2d at 580-81; *Westmoreland County*, 942 A.2d at 217. Such corrective amendments, however, by a WCJ is limited to injuries that existed at the time the NCP or agreement was issued. *Westmoreland County*, 942 A.2d at 217.

**(Footnote continued on next page…)**

Entries 2 and 3.  In opposition, Employer asserted that Section 413(a) of the Act[4] precluded the WCJ's consideration of the Reinstatement and Review Petitions.

*Gregorski v. Workers' Compensation Appeal Board (Self–Insurance Guaranty Fund as Successor to The Great Atlantic and Pacific Tea Company)* (Pa. Cmwlth., No. 370 C.D. 2016, filed January 5, 2017), slip op. at 6-7 n.3; *see also Grow v. PECO Energy Company*, 329 A.3d 819, 823 (Pa. Cmwlth. 2025) ("The first paragraph of Section 413(a) of the Act applied when a claimant seeks to correct a material mistake or inaccuracy in an NCP's injury description, while the second paragraph applies when a claimant experiences an increase, decrease, recurrence, or cessation of disability.  *See Cinram* [*Manufacturing*]."); *Fitzgibbons*, 999 A.2d at 663 ("[W]hen a party is seeking . . . to obtain relief through the correction of an NCP under paragraph one of Section 413 . . . or is seeking to add additional consequential injuries to a claimant's compensable, work-related injuries under paragraph two . . . , the party must file the petition within three years of the date of the most recent payment of compensation."); Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008.  Non-precedential decisions . . . may be cited for their persuasive value.").

[4] 77 P.S. §§771-73.  In relevant part, the second paragraph of Section 413(a) states:

> A [WCJ] may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of [a WCJ], upon petition filed by either party with the [D]epartment [of Labor and Industry (Department)], upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased . . . . Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased . . . . Provided, That, except in the case of eye injuries, ***no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the [D]epartment within three years after the date of the most recent payment of compensation made prior to the filing of such petition*** . . .: And provided further, That any payment made under an established plan or policy of insurance for the payment of benefits on account of nonoccupational illness or injury and which payment is identified as not being [workers'] compensation shall not be considered to be payment in lieu of [workers'] compensation, and such payment shall not toll the

**(Footnote continued on next page…)**

Ultimately, on January 9, 2024, the WCJ issued a decision disposing of the Instant Petitions in which the WCJ found as fact that "[t]he most recent payment of compensation made prior to the filing of Claimant's pending petitions is June 6, 2019." Reproduced Record (RR) at 17a. In addition, as the WCJ explained:

> Employer argues that [S]ection 413(a) of the Act precludes consideration of the Reinstatement and Review Petitions. This [WCJ] agrees.
>
> Section 413(a) of the Act states: "[N]o notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the [D]epartment within three years after the date of the most recent payment of compensation made prior to the filing of such petition." The most recent payment of compensation was June 6, 2019. However, Claimant's petitions were not filed until May 23, 2023- almost [four] years after the most recent payment of compensation. Therefore, Claimant Reinstatement and Review Petitions are time-barred under [S]ection 413(a) of the Act.

running of the Statute of Limitations: And provided further, That where compensation has been suspended because the [claimant's] earnings are equal to or in excess of his wages prior to the injury that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, unless it be shown that the loss in earnings does not result from the disability due to the injury.

77 P.S. §772 (emphasis added).

6

*Id.*[5] As a result, the WCJ issued an order denying the Instant Petitions and the Board affirmed the WCJ's decision on Claimant's appeal.[6] Claimant then filed the instant petition for review of the Board's order in this Court.

---

[5] The WCJ also denied the Instant Petitions on the alternative basis that they were barred by *res judicata* stating, in pertinent part:

> This [WCJ] also agrees that *res judicata* prevents consideration of the Reinstatement and Review Petitions. For *res judicata* to apply, [four] requirements must be met:
>
> > 1) the prior decision was rendered by a court of competent jurisdiction;
> >
> > 2) there is a final judgment on the merits;
> >
> > 3) the parties were identical in both suits; and
> >
> > 4) the prior and present causes of action are identical.
>
> In his brief, Claimant agrees that requirements 1, 3, and 4 have been met, but not requirement 2-that is, there has not been a final judgment on the ***merits*** of the [prior t]ermination [p]etition. However, that is the same argument that has been rejected by [the WCJs], the [Board], Commonwealth Court and-most recently-the [Pennsylvania] Supreme Court. ***At oral argument, counsel for Claimant appeared to agree that if the [Pennsylvania] Supreme Court did not grant allocator, everything would be moot or go away***. Therefore, in the opinion of this [WCJ], Claimant's Reinstatement and Review Petitions are also barred by *res judicata*.

RR at 17a (citations to record omitted and emphasis in original and added).

[6] In relevant part, with respect to the application of Section 413(a), the Board observed:

> After careful review of the record, we determine the WCJ did not err in concluding that Claimant's petitions were both barred by the statute of limitations contained in Section 413(a) of the Act. On May 17, 2019, [the WCJ] issued a [d]ecision and [o]rder granting

**(Footnote continued on next page…)**

On appeal,[7] Claimant contends that the Board erred in affirming the WCJ's decision because his first reinstatement petition was filed in 2019, just four months after the date of last payment, and a subsequent reinstatement petition was

> a [t]ermination [p]etition filed by [Employer] and terminating Claimant's benefits as of March 20, 2019. Claimant failed to appeal this [d]ecision and [o]rder. [Employer] submitted into the record the payment ledger that showed Claimant's last indemnity payment was issued on June 6, 2019. Consequently, pursuant to Section 413(a) of the Act, 77 P.S. §772, Claimant had three years beyond that date to file the instant Review and Reinstatement Petitions. *Fitzgibbons* [*v. Workers' Compensation Appeal Board (City of Philadelphia)*, 999 A.2d 659 (Pa. Cmwlth. 2010)]; *Roussos* [*v. Workmen's Compensation Appeal Board (St. Vincent Health Center)*, 630 A.2d 555 (Pa. Cmwlth. 1993)]. However, both petitions were filed on May 23, 2023, which was beyond the three year period. Thus, the WCJ correctly dismissed both petitions as time barred under Section 413(a) of the Act.
>
> Claimant nevertheless argues that because he had filed previous [r]einstatement [p]etitions after the [t]ermination [p]etition had been granted, that tolled the statute of limitations. Claimant cites to no precedent on the filing of subsequent petitions tolling the statute of limitations for a later filed petition. Section 413(a) of the Act specifically states that "[n]o notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed within the [D]epartment within three years after the date of the most recent payment of compensation made prior to the filing of such petition." Thus, because the instant Reinstatement Petition was filed more than three years after the date of the most recent payment of compensation, whether other petitions had been filed in that three year period is irrelevant and does not toll the statue for the current petition at issue. Consequently, we must reject Claimant's argument to the contrary.

RR at 23a-24a.

[7] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Department of Transportation v. Workers' Compensation Appeal Board (Clippinger)*, 38 A.3d 1037, 1042 n.3 (Pa. Cmwlth. 2011).

filed in 2021, within three years of the date of last payment. Claimant asserts that his "filing of the initial [r]einstatement and [the] following [p]etitions in light of the improper termination were timely not stale although dismissed, and should serve to toll the statute of limitations" in Section 413(a) for this, his third Reinstatement Petition. Brief for Petitioner at 13. Like the WCJ and the Board, we do not agree.

Indeed, as this Court has recently explained:

> Where [a c]laimant was seeking to add a distinct, consequential injury to the NCP, and to reinstate his indemnity payments for disability related thereto, under Section 413(a) of the Act, he had to file the [p]etitions within three years of the date of the most recent compensation payment. *See Marcusky* [*v. Workers' Compensation Appeal Board (Williamsport Area School District)* (Pa. Cmwlth., No. 56 C.D. 2017, filed October 13, 2017)]; *Dillinger* [*v. Workers' Compensation Appeal Board (Port Authority of Allegheny County)*, 40 A.3d 748 Pa. Cmwlth. 2012)]; *Fitzgibbons*. Because [the c]laimant filed the [p]etitions approximately eight years after his last January 8, 2014 [workers' compensation] payment, the Board properly determined that they were time-barred.

*Grow*, 329 A.3d at 826-27 (footnote omitted). Because Claimant did not file his Reinstatement Petition within the requisite three years of his most recent compensation payment, the Board did not err in affirming the WCJ's decision denying the Instant Petitions. *Id.*[8, 9]

---

[8] Based on our disposition of this claim, we will not consider Claimant's assertion that the Board erred in affirming the WCJ's decision based on the alternate basis of *res judicata*.

[9] As a final matter, we deny Employer's request for counsel fees under Pa.R.A.P. 2744. In this regard, we adopt the sound reasoning expressed by the Board:

> We must conclude this round of litigation still does not rise to the point there has been a patent abuse of the appellate process, as Claimant has filed a new Review Petition alleging an incorrect

**(Footnote continued on next page…)**

Accordingly, the Board's order is affirmed.


_____
MICHAEL H. WOJCIK, Judge

description injury, and we are denying the petitions ultimately on a violation of the statute of limitations, which was never at issue in the prior litigation. Thus, we must reject [Employer's] request for counsel fees to be awarded against Claimant.

RR at 25a n.1; *see also Munoz II*, slip op. at 10 ("Although we agree that Claimant's petition for review is frivolous, it falls short of a patent abuse of process to warrant sanctions under [Pa.R.A.P.] 2744. *See Phillips* [*v. Workmen's Compensation Appeal Board (Century Steel)*, 721 A.2d 1091 (Pa. 1999)]; *Smith* [*v. Workers' Compensation Appeal Board (Consolidated Freightways, Inc.)*, 111 A.3d 235 (Pa. Cmwlth. 2015).]").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pablo Munoz,                          :
                                      :
                    Petitioner        :
                                      :
        v.                            :   No. 1284 C.D. 2024
                                      :
Jermacans Style, Inc. (Workers'       :
Compensation Appeal Board),           :
                                      :
                    Respondent        :


# **O R D E R**


AND NOW, this 11<u>th</u> day of <u>July</u>, 2025, the order of the Workers' Compensation Appeal Board dated September 6, 2024, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge