**CYTEMP SPECIALTY STEEL, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CRIS-MAN), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 6, 2012.

Decided March 15, 2012.

John B. Bechtol, Pittsburgh, for petitioner.

George M. Schroeck, Erie, for respondent.

BEFORE: McGINLEY, Judge, and LEAVITT, Judge, and COLINS, Senior Judge.

OPINION BY Judge LEAVITT.

Cytemp Specialty Steel (Employer) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) granting, on this Court's remand, the claim petition of Richard Crisman (Claimant). In doing so, the Board affirmed the decision of the Workers' Compensation Judge (WCJ) that Claimant was totally disabled as of November 7, 1995, by a 1992 neck injury. Concluding that the issue of Claimant's disability as of November 7, 1995, has been previously litigated, we reverse the Board.

The nature and extent of Claimant's loss of earning power has been the subject of extensive litigation spanning two decades.[1] This prior litigation must be parsed in order to demonstrate why the factual and legal issues set forth in the instant claim petition have been previously litigated and decided.

Claimant began working for Employer as a mill hand in 1973 and has reported work injuries to Employer on many occasions, including, *inter alia,* one on September 23, 1992, and one on May 7, 1993. Employer issued incident reports for each reported injury, but Claimant continued working until September 8, 1993. At that time, Employer issued a Notice of Compensation Payable (NCP) listing Claimant's work injury date as May 7, 1993, and describing the injury as a "cervical sprain." Reproduced Record at 14a (R.R. ——). The NCP accepted liability and began paying total disability as of September 8, 1993. Claimant has treated with James R. Macielak, M.D. for his work injury since June 1993.

In March 1995, after litigation, Claimant's benefits were reduced to partial disability as of March 7, 1994. The WCJ ordered this modification because Claimant refused to accept an available full-time, light-duty position with Employer. The Board affirmed, as did this Court. *Crisman v. Workers' Compensation Appeal Board (Cytemp Specialty Steel),* 740 A.2d 767 (Pa.Cmwlth.1999).

Employer referred Claimant to the Vocational Rehabilitation Center, which found him a full-time position working in a Salvation Army thrift store. Claimant began working at the store on May 30, 1995, but he left on November 7, 1995.

In July 1997, the WCJ reduced Claimant's partial disability benefits as of May 30, 1995, to reflect his actual wage at the Salvation Army. The WCJ specifically found that Claimant was capable of doing the job with the Salvation Army "as of May 30, 1995, and *at all times subsequent to May 30, 1995.*" WCJ Decision, July 22, 1997, at 6; Finding of Fact 11 (emphasis

1. We do not detail all this litigation, only those proceedings relevant to the instant petition.

added). The WCJ rejected Claimant's defense that he was totally disabled as of November 7, 1995. The WCJ found, as fact, that Claimant was physically able to do the Salvation Army job. The WCJ also found that Claimant's shoulder tendonitis was not related to his May 7, 1993, work injury.

Claimant then filed a claim petition against the Vocational Rehabilitation Center. Claimant alleged that he had sustained injuries while working at the Salvation Army store and that these injuries had totally disabled him as of November 7, 1995. Specifically, Claimant alleged that on ten different occasions he sustained injuries to his back, chest, both shoulders, both wrists, right arm, right thumb, left hip, both knees, and right foot and that the job caused, or aggravated, his atrial fibrillation. The Vocational Rehabilitation Center joined Employer on the theory that Claimant's injuries might be recurrences of the work injury he sustained while working for Employer.

On September 18, 2000, the WCJ denied both the claim and joinder petitions. The WCJ rejected the testimony of Claimant and Dr. Macielak, his longtime treating physician, and credited the testimony of Employer's medical expert, Michael Baxley, M.D. and the Center's medical expert, Patrick Laing, M.D. The WCJ found that Claimant had not sustained either a new injury or a recurrence of his prior work injury that rendered him disabled as of November 7, 1995. Again, the WCJ found Claimant capable of doing the Salvation Army job.

Claimant appealed. The Board vacated and remanded for the WCJ to accept and evaluate newly discovered evidence concerning Claimant's right shoulder problem, which required surgery. On March 24, 2003, the WCJ found that Claimant's shoulder surgery was not work-related. The WCJ reaffirmed all other prior findings and, again, denied the claim and joinder petitions. Claimant appealed to the Board, seeking another opportunity to present evidence that the injuries he sustained while working at the Salvation Army were recurrences of injuries he sustained while working for Employer. The Board denied Claimant's request, explaining that the credible medical experts had found that "Claimant had a long history of work injuries dating back to 1990[but] there was no objective evidence of residuals from any of the injuries complained of by Claimant." Board Adjudication, September 16, 2004, at 8.

Throughout the foregoing litigation, Claimant continued to receive partial disability benefits. By May 2003, he had received 500 weeks of partial disability, at which point his disability benefit terminated in accordance with the Workers' Compensation Act.[2]

In June and October 2003, Claimant filed multiple claim, reinstatement and review petitions, all alleging that he had been totally disabled by work injuries he sustained while working for Employer. Claimant's petitions alleged twelve separate work injuries but by the time of the hearing, the alleged injuries had been reduced to three: (1) an injury to his low back, right hip and right leg on May 29, 1992; (2) an injury to his low back and right hip on December 7, 1992; and (3) an

2. Section 306(b)(1) of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 512(1), limits partial disability benefits to 500 weeks. It states, in relevant part, that partial disability benefits shall be paid during the period of such partial disability ... but for not more than five hundred weeks.
77 P.S. § 512(1).

injury to his right shoulder on May 7, 1993.

On April 19, 2005, the WCJ denied the above-stated three petitions. The WCJ concluded that the petitions pertaining to the alleged May and December 1992 injuries were time-barred. Because Claimant's right shoulder injury had been "fully and completely litigated to conclusion in previous litigation," *i.e.*, the prior claim and joinder petitions decided in September 2000, the WCJ concluded that Claimant's attempt to raise the issue of his right shoulder injury was barred by *res judicata*. WCJ Decision, April 19, 2005, at 9; Conclusion of Law 2. The Board affirmed.

However, some of Claimant's petitions filed in 2003 were separated from the petitions decided in the April 19, 2005, decision.[3] The separated petitions consist of a claim, a reinstatement and two review petitions; and they are the subject of this appeal. These petitions alleged that Claimant sustained a head, neck and shoulder injury on September 23, 1992, while working for Employer for which Claimant sought total disability as of November 7, 1995. Employer denied the allegations.[4] Claimant's petitions were assigned to a new WCJ.

Claimant testified that while working as a mill hand on September 23, 1992, a metal bar jerked out of his hand in a way that caused pain to his neck and shoulder. Claimant reported the injury to his supervisor and went home, but he returned the next day. Employer filled out an incident report, but it did not issue an NCP. Claimant visited the company doctor, who prescribed pain medication. In June 1993, Claimant began treating with Dr. Macielak and began physical therapy. On Dr. Macielak's advice, Claimant stopped working for Employer in September 1993, at which time he began receiving total disability benefits. After the WCJ found Claimant capable of work in 1995, Claimant took the job at the Salvation Army where he worked until November 1995. Claimant testified that he has been unable to work since leaving the Salvation Army because of his neck, shoulder, back, right hip and right leg problems. Claimant's neck pain makes it difficult to look down or turn his head.

Upon further questioning about his neck injury, Claimant was adamant that this injury took place on September 23, 1992, and that he had not sustained any other neck injury after that date. Claimant was aware that the NCP listed May 7, 1993, as the date of his neck injury for which Employer had paid him both total disability and 500 weeks of partial disability. However, Claimant insisted that his May 7, 1993, work injury was to his shoulder and that Employer's NCP was wrong in identifying the date of his neck injury as May 7, 1993.

3. It is not known why all the 2003 petitions were not litigated together. On April 19, 2005, the WCJ rendered his decision regarding the May 1992, December 1992 and May 1993 injuries. By interlocutory order dated May 26, 2005, the instant petitions regarding the September 23, 1992, injuries were placed in indefinite postponement pending the outcome of Claimant's appeal of the WCJ's April 19, 2005, decision. After the Board affirmed that decision, the instant petitions were removed from indefinite postponement and were litigated.

4. Employer agreed that the statute of limitations was not an issue because it had paid medical expenses related to the alleged September 1992 injury within three years of the filing of the claim petition. Specifically, Employer had paid medical expenses for Claimant's cervical injury, some of which listed an injury date of May 7, 1993, and some of which listed a date of September 23, 1992. Certified Record, Claimant's Exhibit 8.

Claimant submitted injury reports completed by his supervisor. The report for the September 23, 1992, injury states that Claimant reported "sharp pain in neckhead & shoulder area." R.R. 11a. The report for the May 7, 1993, injury states that Claimant reported "pain in [his] shoulder." R.R. 13a.

In support of his petitions, Claimant presented the deposition testimony of his longtime treating physician, Dr. Macielak, who is a board certified orthopedic surgeon. Dr. Macielak first treated Claimant for a September 23, 1992, neck injury sustained at work. Dr. Macielak diagnosed this injury as a cervical strain, cervical stenosis and a cervical radiculopathy causing pain to radiate into Claimant's shoulder. Dr. Macielak opined that Claimant was totally disabled by this neck injury and has been since he stopped working at the Salvation Army on November 7, 1995. Dr. Macielak was not aware of a neck injury taking place on May 7, 1993. Dr. Macielak clarified that his diagnosis and opinion offered in this and in all prior litigation had related to Claimant's September 23, 1992, neck injury.

The WCJ found that Claimant sustained a cervical strain and cervical spinal stenosis at work on September 23, 1992, which totally disabled Claimant as of November 7, 1995.[5] The WCJ granted the claim petition and ordered Employer to pay total disability benefits as of November 7, 1995, and ongoing. It gave Employer a credit for the disability benefits Employer had paid Claimant for the May 7, 1993, work injury. Because Employer had never issued an NCP acknowledging a September 23, 1992, injury, the WCJ dismissed Claim-

ant's reinstatement and review petitions as moot.

Employer appealed arguing, *inter alia,* that the WCJ's decision was barred by principles of *res judicata* and collateral estoppel. The Board affirmed. This Court, however, vacated and remanded because the WCJ had not made critical findings of fact. *Cytemp Specialty Steel v. Workers' Compensation Appeal Board (Crisman),* (Pa.Cmwlth., No. 787 C.D.2008, filed October 27, 2008) (*Cytemp I* ). Specifically, the WCJ had not made a finding on whether Claimant had sustained two neck injuries, one on September 23, 1992, and one on May 7, 1993, or whether there was really only one cervical injury that Employer mistakenly dated in its NCP. In the latter case, we noted that Claimant had already received all possible compensation for that injury. We also noted that the record did not appear to support a finding that there were two cervical injuries. Nevertheless, we remanded because the WCJ alone has fact finding power. *Id.,* slip op. at 6.

On remand, the WCJ found that Claimant sustained two separate cervical work injuries: a cervical strain and cervical stenosis occurring on September 23, 1992, and a cervical sprain on May 7, 1993. To find two injuries, the WCJ noted that Employer provided Claimant treatment after his September 1992 injury and that Employer's NCP acknowledged a May 1993 injury. The WCJ did not address the possibility that the NCP simply had the wrong date or any of Claimant's own evidence that supported that possibility. Noting that Dr. Macielak stated that at all times he treated Claimant for a September

---

**5.** The WCJ actually found that Claimant was disabled on and after November 6, 1995. Because Claimant's last day at the Salvation Army was November 6th, any disability would

have commenced on November 7, 1995. This is consistent with the findings from all prior litigation.

1992 neck injury, not a May 7, 1993, neck injury, the WCJ reasoned:

> [H]owever, this does not establish that such an injury did not occur. Obviously, [Employer] had some medical evidence to establish a cervical sprain from a 1993 injury other than Dr. Macielak. In any event, there is no evidence to establish that the September 23, 1992 and May 7, 1993 injuries are actually the same injury.

WCJ Remand Decision, July 28, 2009, at 1; Finding of Fact 8. The WCJ found, based on Dr. Macielak's credible testimony, that Claimant was totally disabled as of November 7, 1995. The WCJ again granted Claimant's claim petition.

Employer appealed, and the Board affirmed. The Board concluded that because there were two separate cervical injuries, neither *res judicata* nor collateral estoppel barred the grant of the claim petition. Employer then petitioned for this Court's review.[6]

On appeal, Employer argues that the WCJ and the Board erred in granting the claim petition for two reasons. First, Employer argues that substantial evidence does not support the finding that Claimant sustained two different neck injuries. Second, Employer asserts that, regardless of how many neck injuries Claimant sustained, the doctrines of *res judicata* and/or collateral estoppel bar further litigation on the question of whether Claimant was totally disabled by a work injury on November 7, 1995.[7]

■ In its first issue, Employer argues that Claimant failed to prove by substantial and competent evidence that he sustained two separate neck injuries while working for Employer.[8] It contends that Claimant has been fully compensated for his one and only neck injury, albeit under the incorrect injury date. We agree.

■ The record does not support a finding that Claimant sustained two separate neck injuries. Dr. Macielak, who has been treating Claimant since June 1993 and has testified on Claimant's behalf in all of the relevant litigation, testified that Claimant's neck injury occurred on September 23, 1992. Dr. Macielak had no knowledge of a May 1993 neck injury. Claimant himself

---

6. This Court's review of an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *City of Philadelphia v. Workers' Compensation Appeal Board (Brown)*, 830 A.2d 649, 653 n. 2 (Pa.Cmwlth.2003). Substantial evidence has been defined as such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Mrs. Smith's Frozen Foods Company v. Workmen's Compensation Appeal Board (Clouser)*, 114 Pa.Cmwlth. 382, 539 A.2d 11, 14 (1988).

7. Claimant suggests that Employer has waived any *res judicata* or collateral estoppel defense. It is clear from Employer's submission to the WCJ of all prior adjudications, along with Employer's questioning of Claimant and Dr. Macielak, that Employer was

defending the claim petition on the theory that Claimant was already fully compensated for his work-related neck injury and was impermissibly attempting to re-litigate his disability status as of November 1995. Further, in *Cytemp I*, this Court addressed the *res judicata* issue and remanded for further findings, which we would not have done had the issue been waived.

8. In a claim petition proceeding, the claimant bears the burden of establishing all elements necessary to support an award of benefits. *School District of Philadelphia v. Workers' Compensation Appeal Board (Lanier)*, 727 A.2d 1171, 1172 (Pa.Cmwlth.1999). The claimant must prove that he sustained a work injury that disabled him. *Vista International Hotel v. Workmen's Compensation Appeal Board (Daniels)*, 560 Pa. 12, 22, 742 A.2d 649, 654 (1999).

testified that he sustained one neck injury and that the NCP, which listed his neck injury as having occurred on May 7, 1993, was incorrect. According to Claimant, he sustained a shoulder injury in May. The incident reports entered into evidence by Claimant also show that Claimant suffered a neck sprain in September 1992 and a shoulder injury in May 1993. Claimant testified that he informed his then-attorney that the NCP was incorrect about the date of his neck injury, but his attorney did not file a review petition.[9] In short, the WCJ's finding that Claimant sustained two neck injuries while working for Employer is not supported by substantial evidence.

Second, and more importantly, it does not matter how many neck injuries Claimant sustained. Employer is correct that Claimant is barred from receiving total disability benefits as of November 7, 1995, because the nature and extent of his ability to work as of that date has been fully litigated.

■ The doctrine of *res judicata* encompasses both technical *res judicata* and collateral estoppel. *Maranc v. Workers' Compensation Appeal Board (Bienenfeld)*, 751 A.2d 1196, 1199 (Pa.Cmwlth.2000). Collateral estoppel forecloses litigation of specific issues of law or fact that have been litigated and were necessary to a previous final judgment. *Id.* Technical *res judicata* forecloses litigation between the same parties on a cause of action that has already been resolved in a final judgment. *Id.* Generally, causes of action are identical when "the subject matter and the ultimate issues are the same in both the old and the new proceedings." *Id.* The doctrine of *res judicata* applies both to matters that were actually litigated and to matters that could have been litigated. *Id.*

■ Here, the issue of whether Claimant was totally disabled in November 1995 has been litigated. Twice. In 1997, the WCJ found that Claimant's work-related neck injury rendered him partially disabled but able to do the Salvation Army job as of May 30, 1995, *and ongoing*. The WCJ rejected Dr. Macielak's testimony that Claimant's neck injury rendered Claimant totally disabled as of November 7, 1995. Next, in 2000, the WCJ denied the petitions regarding the injuries Claimant allegedly sustained while working at the Salvation Army. Again, the WCJ discredited Dr. Macielak's testimony that Claimant was totally disabled as of November 7, 1995, and found him able to do the Salvation Army job. The WCJ also found that Claimant suffered no residual disability from any other work-related injuries.

The current litigation represents yet another attempt by Claimant to litigate the question of whether he was totally disabled as of November 7, 1995. Claimant relies, again, on the testimony of Dr. Macielak, previously discredited, for the proposition that Claimant's neck injury prevented him

---

9. Claimant testified in relevant part as follows:

> **Employer's Counsel:** But you have been aware that [Employer had] been paying you benefits for the cervical injury under what you thought was the wrong date of May 7th, 1993, correct?
> **Claimant:** Yes. I was receiving pay, partial.
>     \*    \*    \*
> **Employer's counsel:** So you have held this belief that the cervical injury was being misclassified under a date for over 10 years?
> **Claimant:** Yes.
> **Employer's Counsel:** And you brought it to the various attorneys that you have had?
> **Claimant:** Yes.

R.R. 246a; Notes of Testimony, May 30, 2007, at 31, 33.

from doing the Salvation Army job, or any job, as of November 1995. That question has already been litigated and decided.

Claimant was found partially disabled as of March 7, 1994, and again as of May 30, 1995, by a 1993 work injury to his neck. Claimant cannot avoid the doctrine of *res judicata* by proving that his neck injury was misdated during that prior litigation. Claimant seeks total disability as of November 7, 1995, for a work injury. *Res judicata* applies to issues that were litigated and issues that *should have been litigated.* Otherwise, Claimant could litigate his disability as of November 7, 1995, one work injury at a time. It was Claimant's duty to identify all work injuries, including his September 23, 1992, work injury, when the question of his physical ability to work as of November 7, 1995, was previously litigated. Claimant did not do so, and he cannot do so now.

Claimant's repeated attempts to prove total disability as of November 1995, with new attorneys and with new filings cannot stand. Dr. Macielak has treated Claimant for a September 23, 1992, neck injury since June of 1993; Employer has paid Claimant total disability and 10 years of partial disability for the neck injury; Claimant knew Employer listed the incorrect injury date on the NCP; and the WCJ has previously found, as fact, that Claimant was not totally disabled by a work injury as of November 7, 1995. Claimant's 2003 effort to litigate his entitlement to total disability compensation as of November 7, 1995, is one too many and barred by *res judicata.*

Accordingly, the order of the Board is reversed.

## ORDER

AND NOW, this 15th day of March, 2012, the order of the Workers' Compensation Appeal Board dated December 15, 2010, in the above captioned matter is hereby REVERSED.