# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dave Scavello,                                     :
                          Petitioner               :
                                                   :
              v.                                   :     No.  1447 C.D. 2021
                                                   :     Submitted:  August 19, 2022
Wal-Mart Associates, Inc.                          :
(Workers' Compensation                             :
Appeal Board),                                     :
                          Respondent               :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE LORI A. DUMAS, Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER          FILED:  June 20, 2023**


Dave Scavello (Claimant), proceeding pro se, petitions for review of the November 5, 2021 Order of the Workers' Compensation Appeal Board (Board) that affirmed Workers' Compensation Judge Jeffrey Majikas's (WCJ Majikas) dismissal of Claimant's Petition to Reinstate Compensation Benefits (Reinstatement Petition), Petition to Review Compensation Benefits (Review Petition), and Petition to Review Medical Treatment and/or Billing (Medical Review Petition) (collectively, Petitions).[1]  The Board agreed with WCJ Majikas that Claimant's Petitions, filed

---

[1] Claimant filed a pro se letter, followed by an Ancillary Petition for Review, with this Court, in which he challenged a Board Decision that he received November 12, 2021.  The Board issued two decisions on November 5, 2021, one resolving Claimant's appeal at docket A20-0861 (related to the above discussed Petitions), and one resolving Claimant's appeal at docket A20-0459 **(Footnote continued on next page…)**

against Wal-Mart Associates, Inc. (Employer), were barred by the doctrine of res judicata because they sought to relitigate matters already decided in Claimant's prior workers' compensation (WC) litigation, particularly *Scavello v. Workers' Compensation Appeal Board (Wal-Mart Associates, Inc.)* (Pa. Cmwlth., No. 742 C.D. 2019, filed January 17, 2020) (*Scavello I*), and that the Reinstatement Petition was also barred by the statute of limitations found in Section 413(a) of the Workers' Compensation Act[2] (Act), 77 P.S. § 772. Discerning no error in the conclusion that the Petitions are barred by the doctrine of res judicata, we affirm.

## I. BACKGROUND

*Scavello I*, this matter, and a separate petition for review filed by Claimant at docket number 1499 C.D. 2021, all arise out of a March 16, 2016 injury Claimant sustained while at work.

### A. Scavello I

This Court, in *Scavello I*, set forth the facts of Claimant's injury, as follows.

> On March 16, 2016, Claimant, while working for Employer, sustained a work-related injury to his right hand/wrist in the nature of a contusion. Employer accepted liability for Claimant's work-related injury by issuing a medical-only notice of compensation payable [(MO-NCP)], which described the accepted work-related injury as a right []hand contusion. On August 18, 2016, Employer filed [a t]ermination [p]etition, alleging that Claimant had fully recovered from his work-related injury as of July 12, 2016. Thereafter, on September 8, 2016, Claimant filed [a r]eview [p]etition, seeking to amend the description

---

(relating to the denial of a pro se claim petition filed by Claimant). By order dated March 31, 2022, this Court indicated it would consider Claimant's challenge to the Board's Decision at A20-0861 at docket number 1447 C.D. 2021, and directed Claimant to file a separate petition for review if he sought to challenge the Board's Decision at A20-0459. (Order, March 21, 2022.) Claimant did so, and that challenge was docketed at number 1499 C.D. 2021.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 772.

of his work-related injury to include a "crush injury of the hand and wrist[,] including, but not limited to, [complex regional pain syndrome] [(]CRPS[)]."[2]

> [FN] 2. On March 2, 2017, Claimant filed another petition for review and a claim petition related to partial disability and the calculation of his average weekly wage in connection with concurrent employment. As Claimant withdrew his March 2, 2017 claim and review petitions, we do not discuss either petition in this opinion.

*Scavello I*, slip op. at 2 & n.2 (citations omitted) (first through fifth alterations added). Hearings were held before WCJ Alan Harris (WCJ Harris), at which Claimant testified and offered the deposition testimony of Gene V. Levinstein, M.D., in an attempt to establish that Claimant had suffered a crush injury to his right wrist and hand, as well as a Reflex Sympathetic Dystrophy Syndrome (RSD) or CRPS, as a result of the March 16, 2016 work incident. *Id.*, slip op. at 3-4. Dr. Levinstein agreed with Employer's expert, Amir Fayyazi, M.D., that Claimant's right hand contusion had resolved. *Id.*, slip op. at 4. Employer offered the testimony of Dr. Fayyazi who, after performing an independent medical examination (IME) on Claimant, opined Claimant had recovered from his work-related right hand/wrist injuries and did not suffer from CRPS. *Id.*, slip op. at 6-7. WCJ Harris denied both the termination petition and the review petition, rejecting Dr. Levinstein's opinion that Claimant suffered from RSD/CRPS and accepting Dr. Fayyazi's contrary opinion. *Id.*, slip op. at 7. However, WCJ Harris rejected Dr. Fayyazi's opinion regarding Claimant being recovered from all work injuries as of the date of the IME because Claimant could still have been symptomatic as of the date of the IME. *Id.*

Claimant did **not** appeal the denial of his review petition to the Board, but Employer appealed the denial of the termination petition. *Id.*, slip op. at 7 & n.5. The Board reversed, noting that the credited medical evidence, Dr. Levinstein's

testimony, did not support a finding that Claimant had not fully recovered from his right hand contusion by September 9, 2016. *Id.*, slip op. at 7. Claimant appealed to this Court, arguing the Board erred in reversing the denial of the termination petition and suggesting WCJ Harris erred in denying the review petition. *Id.* We disagreed, holding the Board did not err in concluding that WCJ Harris's finding that Claimant was not fully recovered from the work-related right hand contusion was not supported by substantial evidence. We held that substantial evidence was lacking because both physicians had opined Claimant was fully recovered from that injury, WCJ Harris did not reject Dr. Levinstein's testimony on that injury, and WCJ Harris's rejection of Dr. Fayyazi's opinion was based on WCJ Harris's own beliefs about Claimant's condition, which were not supported by the record. *Id.*, slip op. at 8-9. On Claimant's argument related to the review petition, this Court indicated the denial of the review petition had not been appealed to the Board and, therefore, that petition was not before the Court. *Id.*, slip op. at 7 n.5 & 8. Claimant filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was administratively dismissed on April 24, 2020. (*See* Correspondence between Supreme Court and Claimant, Ex. D-01, Item 19 of the Certified Record.[3])

---

[3] The Board offered the following history of Claimant's petition for allowance of appeal following *Scavello I*:

> By correspondence dated February 12, 2020, and February 28, 2020, the Supreme Court of Pennsylvania advised Claimant that it received a Petition for Allowance of Appeal, but that it was found to be defective and listed the corrections that shall be made by March 20, 2020, or the case would be closed for failure to perfect. On April 24, 2020, the Supreme Court advised Claimant that the matter was closed due to Claimant's failure to perfect.

(Board's Opinion at 2.) The Board's Opinion is found at Item 13 in the Certified Record.

4

*B. Claimant's Current Petitions*

On August 7, 2020, Claimant filed the Petitions pro se, describing the same March 16, 2016 incident as the impetus of his injuries, describing those injuries as "Nerve Damage, CRPS" of his "hand/wrist," and asserting there was an "Incorrect Description of Injury" and "Worsening of Condition." (Petitions at 1.[4]) Employer filed Answers, denying the allegations and asserting the "allegations are efforts to re-litigate issues that have been fully litigated and decided against Claimant and in favor of" Employer and that Claimant had been adjudicated fully recovered from his work injury as of September 9, 2016. (Answers at 1.[5]) Employer also observed that "Claimant filed a Claim Petition on [April 16, 2020,] for the same [March 16, 2016] injury date that was dismissed by WCJ [Eric] Pletcher [(WCJ Pletcher)] on the bases of res judicata and collateral estoppel. The instant Petition[s] must be barred on the same grounds."[6] (*Id.*)

*C. WCJ Majikas's Decision*

The Petitions and Employer's Answers were assigned to WCJ Majikas, who held a hearing on September 3, 2020, at which Employer moved to dismiss the Petitions asserting they represented Claimant's attempt to relitigate issues that had been fully litigated and finally resolved against him. (WCJ Majikas's Decision at 1.[7]) WCJ Majikas directed the parties to file proposed findings of fact and conclusions of law, and briefs, on whether Claimant's Petitions were barred by the doctrines of res judicata and/or collateral estoppel. Upon receipt of those briefs and

---

[4] The Petitions are found at Items 2, 3, and 4 of the Certified Record.

[5] Employer's Answers are found at Items 6, 7, and 8 of the Certified Record.

[6] The denial of the April 16, 2020 claim petition is at issue in Claimant's petition for review filed at docket number 1499 C.D. 2021.

[7] WCJ Majikas's Decision is found at Item 10 of the Certified Record.

5

his review of the prior litigation of Claimant's March 16, 2016 work injuries, i.e., *Scavello I*, WCJ Majikas granted Employer's motion to dismiss and dismissed the Petitions as being barred by res judicata. In doing so, WCJ Majikas noted that Claimant had previously filed, in *Scavello I*, a review petition alleging an incorrect description of his work injury and seeking to amend the description to include CRPS, the same injury Claimant sought to add in the current Petitions. (WCJ Majikas's Decision, Finding of Fact ¶ 2.) WCJ Majikas also indicated Claimant had filed, and then withdrew, claim and review petitions, alleging wage loss from concurrent employment before WCJ Harris in *Scavello I*.[8] (*Id.*) WCJ Majikas found that WCJ

---

[8] Relevant to Claimant's claims of wage loss, WCJ Harris found:

FINDINGS OF FACT

. . . .

4. On March 2, 2017, [] Claimant filed a Petition to Review which alleged an incorrect Average Weekly Wage based on concurrent employment. This petition has now been withdrawn.

5. Also on March 2, 2017, [] Claimant filed a Claim Petition which alleged he was suffering wage loss because he had partial disability due to his concurrent employment. As the concurrent employment petition[] has been withdrawn, this petition shall also be marked withdrawn.

. . . .

CONCLUSIONS OF LAW

. . . .

4. [] Claimant has failed to prove by sufficient, competent, and credible evidence that he suffers any wage loss as a result of his injury.

5. The Claim Petition and Review Petitions concerning wage loss and concurrent employment are dismissed.

(WCJ Harris's Decision, Findings of Fact ¶¶ 4-5, and Conclusions of Law ¶¶ 4-5, Ex. D-01.)

6

Harris had rejected Claimant's attempt to expand the description of his work-related injury to include RSD or CRPS and Employer's attempt to terminate Claimant's benefits, and that only the latter finding was reversed by the Board. (*Id.* ¶¶ 2-3.) WCJ Majikas further found the Board's determination was affirmed by this Court in *Scavello I*, and Claimant's petition for allowance of appeal was dismissed by the Supreme Court on April 24, 2020. (*Id.* ¶¶ 4-5.)

Citing the well-known principles of technical res judicata and collateral estoppel, which prevent "the relitigation of claims and issues previously" and finally decided against a party, WCJ Majikas concluded the Petitions were barred by the doctrine of res judicata. (WCJ Majikas's Decision, Conclusions of Law ¶¶ 3-4.) WCJ Majikas held "Claimant seeks to relitigate claims and issues that have already been decided, i.e., the nature of injury and extent of disability. The prior judgments are final and have not been reversed on appeal[.]" (*Id.* ¶ 4.) WCJ Majikas further held the Reinstatement Petition was untimely because it had not been filed within three years of the date of Claimant's most recent payment of compensation, excluding medical expenses, noting that at no point had Claimant been paid wage loss benefits.[9] (*Id.* ¶¶ 2, 4 (citing 77 P.S. § 772; *Riggle v. Workers' Comp. Appeal Bd. (Precision Marshall Steel Co.)*, 890 A.2d 50 (Pa. Cmwlth. 2006)).) Accordingly, WCJ Majikas denied and dismissed the Petitions.

### D. The Board's Decision

Claimant appealed to the Board asserting, among other arguments, that WCJ Harris's Decision finding Claimant not fully recovered, directing the payment of

---

[9] It is unclear from the record when Employer raised the statute of limitations argument, but Claimant has not, and does not, argue that it was not raised. Instead, he responded to WCJ Majikas's finding in his appeal to the Board. (*See* Claimant's Appeal to the Board at 3, Item 11 of the Certified Record.)

7

medical bills, and denying Employer's termination petition was binding and constituted res judicata against Employer and subsequent WCJs. (Claimant's Appeal to the Board at 2.) Claimant maintained Employer has not established he had fully recovered, attacked Dr. Fayyazi's qualifications, and asserted he is still suffering from and being treated for CRPS. (*Id.* at 3-4.) Claimant also asserted the Board's taking "a whole year to rule on [his] case" made the "statute of limitations run out." (*Id.* at 3.)

Upon its review, the Board upheld WCJ Majikas's conclusions that the Petitions were barred by the statute of limitations and/or the doctrine of res judicata. As to the Reinstatement Petition, the Board explained this petition, filed on August 7, 2020, was barred by the Act's statute of limitations because it was not filed within three years of when he last received compensation, the latest of which would have been on September 9, 2016, the date after which his benefits were terminated. (Board Opinion (Op.) at 4-5.) The Board additionally held the doctrine of res judicata barred the Petitions because Claimant previously litigated the same issues against Employer before WCJ Harris, who found that Claimant had not suffered CRPS or a wage loss as a result of the March 16, 2016 incident. (*Id.* at 5.) According to the Board, because Claimant did not appeal WCJ Harris's Decision, these issues were not part of the Board's or this Court's review in *Scavello I*. (*Id.*) The Board reasoned the nature and extent of Claimant's work injury, including whether he sustained an injury beyond a right hand contusion, and whether he suffered a wage loss were necessary determinations in the prior litigation, which had reached final

8

judgment against Claimant in *Scavello I*. (*Id.* at 6.) Claimant now petitions this Court for review.[10]

## II. DISCUSSION

### A. *Parties' Arguments*

On appeal, Claimant relevantly argues[11] WCJ Harris's Decision established that Claimant was not fully recovered from his work injuries, as reflected in the medical paperwork he has submitted to this Court, and Employer remains responsible for his medical bills. (Claimant's Brief (Br.) at 4, 8.) This determination, Claimant maintains, is binding and requires his receipt of "lifetime medical coverage." (*Id.* at 4, 6, 8.) Claimant further asserts he could not perform his concurrent employment as a result of the work injuries he sustained on March 16, 2016. (*Id.* at 6, 9.) Claimant argues he is not presenting new evidence, but evidence that was there but not presented by his former attorney in the underlying litigation. (*Id.* at 13.) Claimant requests that we remand his case to WCJ Harris for a ruling that includes CRPS of his right hand and wrist. (*Id.* at 14.)[12]

---

[10] This Court's scope of review "is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *Elberson v. Workers' Comp. Appeal Bd. (Elwyn, Inc.)*, 936 A.2d 1195, 1198 n.2 (Pa. Cmwlth. 2007).

[11] Claimant's brief focuses on the initial litigation of the March 16, 2016 injury, including the evidence presented therein, WCJ Harris's Decision, this Court's opinion in *Scavello I*, and the Supreme Court's dismissal of Claimant's petition for allowance of appeal, as well as on medical evidence he claims supports his claim of an expanded injury from which he is not fully recovered. Claimant also alleges Employer has been negligent and treated him improperly. As this Court is reviewing only the Board's Decision upholding WCJ Majikas's Decision, we consider only those arguments that could possibly relate to the **present** petition for review challenging the Board's Decision in **this** matter.

[12] Claimant has filed numerous pieces of correspondence and applications for relief with this Court advising the Court of various communications with Employer and seeking, among other things, to submit new medical reports or records, have the Court order Employer to "meet and
**(Footnote continued on next page…)**

9

Employer argues the Board did not err in affirming WCJ Majikas's conclusions that Claimant's Reinstatement Petition was barred by Section 413(a) of the Act and that all of the Petitions were barred by the doctrine of res judicata. According to Employer, Claimant has not presented any cognizable arguments as to why the Board erred but merely sets forth his "frustration with the [Board] in reversing" WCJ Harris's "denial of [Employer's t]ermination [p]etition, [] in an effort to re-litigate his [WC] case." (Employer's Br. at 2.) Per Employer, there is no reason to reverse the Board because Claimant's constitutional rights were not violated where he received all the process he is due, the Board's Decision was in accordance with both Section 413(a) of the Act and precedent applying the doctrine of res judicata, and there has been no allegation that the findings of fact were not supported by substantial evidence. (*Id.* at 6-7.) Employer contends Claimant has waived any challenge to the Board's Decision having failed to assert any issues related thereto. (*Id.* at 9-10.) Finally, Employer requests the Court to sanction Claimant for filing a frivolous appeal and repeatedly attempting to litigate his now-

---

confer" and/or enter into a settlement agreement with Claimant, or raise claims against Employer that are beyond the scope of this WC appeal. (*See* Claimant's Correspondence filed on or about August 24, 2022, October 13, 2022, January 17, 2023, and February 17, 2023; Claimant's Applications for Relief filed on or about April 9, 2022 and March 22, 2023.) It is well settled that this Court cannot consider any evidence that was not presented to the agency and is not part of the certified record on appeal. *See* Pennsylvania Rule of Appellate Procedure 1951(a), Pa.R.A.P. 1951(a) (The record below in proceedings on petition for review "shall consist of . . . (1) [t]he order or other determination of the government unit sought to be reviewed[;] (2) [t]he findings or report on which such order or other determination is based[; and] (3) [t]he pleadings, evidence and proceedings before the government unit."); *see also Brown v. Unemployment Comp. Bd. of Rev.*, 276 A.3d 322, 331 n.13 (Pa. 2022) ("It is well settled that this Court may not consider extra-record evidence that is not part of the certified record on appeal.") (citation omitted). Thus, the Court cannot consider anything beyond that contained in the record certified to it by the Board. In addition, there is no legal authority, and Claimant cites none, that authorizes this Court to order Employer to either "meet and confer" or enter into a settlement agreement with Claimant. Accordingly, we are constrained to deny Claimant's Applications for Relief that seek this relief.

10

final WC claim, which reflects "dilatory, obdurate, and vexatious conduct," by ordering Claimant to pay Employer's attorney's fees and costs pursuant to Pennsylvania Rule of Appellate Procedure 2744, Pa.R.A.P. 2744 (Rule 2744). (*Id.* at 8-11.)[13]

### B. Analysis

We begin with whether the Board erred in affirming WCJ Majikas's conclusion that res judicata barred the Petitions or whether, as Claimant contends, WCJ Harris's conclusion that Employer did not establish that Claimant was fully recovered and his ongoing treatment for CRPS requires reversal. This Court has described the doctrine of res judicata as follows:

> The doctrine of res judicata encompasses both technical res judicata and collateral estoppel. *Maranc v. Workers' Comp*[.] *Appeal B*[d.] *(Bienenfeld)*, 751 A.2d 1196, 1199 (Pa. Cmwlth. 2000). Collateral estoppel forecloses litigation of specific issues of law or fact that have been litigated and were necessary to a previous final judgment. *Id.* Technical res judicata forecloses litigation between the same parties on a cause of action that has already been resolved in a final judgment. *Id.* Generally, causes of action are identical when "the subject matter and ultimate issues are the same in both the old and new proceedings." *Id.* The doctrine of res judicata applies both to matters that were actually litigated and to matters that could have been litigated. *Id.*

*Cytemp Specialty Steel v. Workers' Comp. Appeal Bd. (Crisman)*, 39 A.3d 1028, 1034 (Pa. Cmwlth. 2012). Upon review of the Petitions, the certified record, and the *Scavello I* litigation, we discern no error in the Board and WCJ Majikas's

---

[13] Employer filed a Motion for Summary Relief seeking dismissal of Claimant's Ancillary Petition for Review, to which Claimant filed a Motion to Resolve Case or Narrow Issues (Motion to Resolve), which this Court directed to be resolved with the merits in an order dated May 12, 2022. Based on our disposition, Employer's Motion for Summary Relief and Claimant's responsive Motion to Resolve are dismissed as moot.

determinations that the Petitions are attempts to relitigate issues between the same parties that were finally decided previously and, therefore, are barred by the doctrine of res judicata.

The Petitions assert that, on March 16, 2016, Claimant sustained work-related injuries to his hand and wrist, there was an "Incorrect Description of the Injury" and a "Worsening of Condition," and the nature of the injury was "Nerve Damage, CRPS." (Petitions at 1.) While the Petitions aver there was a "Worsening of Condition," the narrative cited only the events of March 16, 2016, (*id.*), and Claimant's statements during the hearings and his filings reflect that the condition that was worsening was the nerve damage and CRPS injuries that Claimant sought to add to the MO-NCP's description of the injury, (September 3, 2020 Hearing Transcript at 9-10[14]; *see generally* Claimant's Argument, Ex. C-05[15]; Claimant's Br. at 7-10, 13). As in the current Petitions, Claimant averred in the review petition filed in the *Scavello I* litigation that the description of his work-related injury in the MO-NCP was incorrect and that his injury included CRPS. (WCJ Harris's Decision, Finding of Fact ¶ 3.) Similarly, Claimant asserts in the current litigation that he suffered a wage loss from his concurrent employment due to his work-related injury. But, Claimant also filed, and then withdrew, claims that he suffered a wage loss from his concurrent employment before WCJ Harris. (*Id.* ¶¶ 4-5.) WCJ Harris concluded Claimant had not established that he suffered a wage loss. (WCJ Harris's Decision, Conclusions of Law (Harris COL) ¶ 4.) The doctrine of res judicata bars not only claims that were litigated but claims that could have been litigated. *Cytemp Specialty Steel*, 39 A.3d at 1034 (citing *Maranc*, 751 A.2d at 1199).

---

[14] The September 3, 2020 Hearing Transcript is found at Item 15 of the Certified Record.

[15] Claimant's Argument, Ex. C-05, is found at Item 17 of the Certified Record.

Accordingly, "the subject matter and ultimate issues," which are the nature and extent of Claimant's March 16, 2016 work injury and whether Claimant suffered a wage loss from his concurrent employment, were "the same in both the old and new proceedings." *Id.* (citing *Maranc*, 751 A.2d at 1199). Further, the resolution of these issues was necessary to the final judgment in the *Scavello I* litigation because they resulted in WCJ Harris denying Claimant's review petition (seeking to expand the injury) and dismissing the review and claim petitions (seeking to recover wage loss benefits from his concurrent employment). (Harris COL ¶ 5.)

This leaves the question of "final judgment" in the previous litigation. Claimant appears to assert that WCJ Harris's finding that Claimant was **not** fully recovered was the final, binding judgment, while simultaneously disregarding WCJ Harris's findings that Claimant did not establish an injury beyond the accepted right hand contusion or that he suffered a wage loss. (*Id.* ¶¶ 2-4.) However, because Claimant did **not** appeal WCJ Harris's Decision, **WCJ Harris's rejection** of Claimant's attempt to expand his work injuries to include CRPS and assert a wage loss **became final on those issues**. *See* Section 423 of the Act, 77 P.S. § 853 (providing 20 days to file an appeal to the Board from a WCJ's adjudication); *Pa. Tpk. Comm'n v. Workers' Comp. Appeal Bd. (Collins)*, 709 A.2d 460, 463-64 (Pa. Cmwlth. 1998) (holding issues not raised before the Board are waived). *See also Scavello I*, slip op. at 2 n.2, 7 n.5 (noting that Claimant's withdrawn claim and review petitions related to his concurrent employment were not before the Court, nor was the denial of the review petition seeking to expand the work injury due to Claimant's failure to appeal WCJ Harris's Decision).

Finally, Claimant continues to rely on WCJ Harris's finding that Employer had not established Claimant's full recovery from his work injury as if it was the

13

final judgment on the status of Claimant's recovery. However, WCJ Harris's finding was **reversed** by the Board, and this reversal was **upheld** by this Court in *Scavello I*. Although Claimant attempted to file a petition for allowance of appeal with the Supreme Court, he never perfected that petition, and it was dismissed. Accordingly, this Court's affirmance of the Board's order in *Scavello I* is the final judgment on the issue of whether Claimant was fully recovered. Thus, the final judgments on the extent and nature of Claimant's March 16, 2016 work injury, whether he had recovered from that injury, and whether he sustained a loss of wages from his concurrent employment due to that injury, were all made against Claimant. **Those final judgments are binding and cannot be relitigated or challenged** even though Claimant disagrees with them. "Finality of litigation is essential so that parties may rely on judgments in ordering their private affairs and so that the moral force of court judgments will not be undermined." *Clark v. Troutman*, 502 A.2d 137, 139 (Pa. 1985).[16] For these reasons, the Board did not err in affirming WCJ Majikas's dismissal of Claimant's attempts to relitigate these same issues through the Petitions on the basis of res judicata.

Having concluded there was no error in finding that the Petitions are barred by res judicata, we turn to Employer's request for attorney's fees and costs pursuant to Rule 2744. That rule provides:

> In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including
>
>    (1) a reasonable counsel fee and

---

[16] Because we conclude the Petitions were barred by the doctrine of res judicata, we do not address the alternative reason for denying and dismissing the Reinstatement Petition as being barred by the statute of limitations found in Section 413(a).

> (2) damages for delay at the rate of 6% per annum in addition to legal interest,
>
> if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

Pa.R.A.P. 2744. A frivolous appeal is "one in which 'no justifiable question has been presented and . . . [that] is readily recognizable as devoid of merit in that there is little prospect of success.'" *Pa. Dep't of Transp. v. Workmen's Comp. Appeal Bd. (Tanner)*, 654 A.2d 3, 5 (Pa. Cmwlth. 1994) (quoting *Hewitt v. Commonwealth*, 541 A.2d 1183, 1184-85 (Pa. Cmwlth. 1988)). An appeal asking this Court to reassess credibility determinations and reweigh the evidence, which this Court lacks the authority to do, may be a frivolous appeal. *Bryn Mawr Landscaping Co. v. Workers' Comp. Appeal Bd. (Cruz-Tenorio)*, 219 A.3d 1244, 1256-57 (Pa. Cmwlth. 2019). "[V]exatious conduct" is conduct that is "without reasonable or probable cause or excuse; harassing; annoying." *MFW Wine Co., LLC v. Pa. Liquor Control Bd.*, 276 A.3d 1225, 1240 (Pa. Cmwlth. 2022) (internal citations and emphasis omitted). "[O]bdurate conduct" is that which is "stubbornly persistent in wrongdoing," and "[c]onduct is dilatory where the record demonstrates . . . a lack of diligence that delayed proceedings unnecessarily and caused additional legal work." *Id.* (internal citations and emphasis omitted).

While Employer's frustration with Claimant's filings is understandable, we are not persuaded that awarding attorney's fees and costs under Rule 2744 is warranted at this time. This appeal, and the corresponding appeal docketed at 1499 C.D. 2021, are the first instances where this Court is addressing Claimant's attempts to relitigate the claims raised, and rejected, in the *Scavello I* litigation. Under these

circumstances, the Court declines to impose a sanction against Claimant and denies Employer's request. However, having now advised Claimant that claims relating to the nature and extent of his March 16, 2016 work injury and whether he suffered a wage loss related to that work injury have been finally resolved and cannot be relitigated, Claimant is cautioned that future attempts to do so may result in the imposition of the above-referenced fees and damages.[17]

## III.  CONCLUSION

In summary, because the Petitions attempt to relitigate issues against Employer that were finally decided in Employer's favor in the *Scavello I* litigation,

---

[17] While the Supreme Court, in *Phillips v. Workmen's Compensation Appeal Board (Century Steel)*, 721 A.2d 1091, 1094 (Pa. 1999), held that attorney's fees under Rule 2744 may generally not be imposed against a claimant, *Phillips* left the door open for an award of attorney's fees under certain circumstances. In *Phillips*, an employer sought attorney's fees under Rule 2744, arguing the claimant's appeal challenging the credibility determinations made by the WCJ was frivolous. Although this Court granted the request, the Supreme Court reversed, holding that public policy provided claimants protection from the costs from litigation, but did not provide an employer similar protection. *Phillips*, 721 A.2d at 1094. As part of its reasoning, however, the Supreme Court acknowledged the employer's argument that attorney's fees could be awarded under Rule 2744 and *Patel v. Workmen's Compensation Appeal Board (Saquoit Fibers Company)*, 520 A.2d 525 (Pa. Cmwlth. 1990). *Phillips*, 721 A.2d at 1094 & n.3. The Supreme Court indicated the exception in *Patel*, which involved the award of attorney's fees against a claimant who had patently abused the appellate process by filing multiple claim petitions relating to the same injury and appealing each after the claims were rejected on the basis of res judicata, was a narrow one not implicated in *Phillips*. *Id.* (citing *Callahan v. Workmen's Comp. Appeal Bd. (Bethlehem Steel Corp.)*, 571 A.2d 1108, 1111 n.3 (Pa. Cmwlth. 1990). Subsequently, in *Smith v. Workers' Compensation Appeal Board (Consolidated Freightways)*, we explained the Supreme Court's discussion of *Patel* in *Phillips* recognized the availability of attorney's fees in circumstances like those in *Patel*. *Smith*, 111 A.3d 235, 238 (Pa. Cmwlth.) (per curiam) (citing *Phillips*, 721 A.2d at 1094 n.3), *petition for allowance of appeal denied*, 128 A.3d 730 (Pa. 2015). As the situation in *Smith* involved a claimant who repeatedly litigated and appealed the same claim over five times thereby implicating the defenses of res judicata and collateral estoppel, this Court held the imposition of attorney's fees under Rule 2744 was warranted pursuant to *Patel*. *Smith*, 111 A.3d at 238.

the Board did not err in affirming WCJ Majikas's denial and dismissal of the Petitions.  Accordingly, we affirm the Board's Order.

_____
**RENÉE COHN JUBELIRER,** President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dave Scavello,                          :
                    Petitioner          :
                                        :
            v.                          :    No.  1447 C.D. 2021
                                        :
Wal-Mart Associates, Inc.               :
(Workers' Compensation                  :
Appeal Board),                          :
                    Respondent          :

## **O R D E R**

     **NOW**, June 20, 2023, the Order of the Workers' Compensation Appeal Board entered in the above-captioned matter is **AFFIRMED**.  Wal-Mart Associates, Inc.'s (Employer) Motion for Summary Relief and Dave Scavello's (Claimant) Motion to Resolve Case or Narrow Issues are **DISMISSED AS MOOT**.  Claimant's various Applications for Relief seeking this Court to consider additional medical records or to direct Employer to meet and confer with or offer Claimant a settlement are **DENIED**.  Employer's request for attorney's fees and costs under Pennsylvania Rule of Appellate Procedure 2744, Pa.R.A.P. 2744, is **DENIED**.

 

                                _____

                                **RENÉE COHN JUBELIRER,** President Judge